## VAN CAMP v. WEBER et al.

The order of proof is controlled very largely, if not exclusively, by the trial court's discretion.

Questions as to records admitted in evidence, but not contained in appellant's abstract, are not before the appellate court for review.

A hearing subsequent to the day fixed therefor had without an order of adjournment, a bond without justification of sureties or approval thereof, and failure to inventory or appraise property do not defeat the jurisdiction in probate proceedings.

Probate proceedings cannot be collaterally attacked in an action to determine claims adverse to a claim of title based thereon.

The sheriff's certificate of sale remains a lien only, and the title does not pass till issuance of his deed.

The holder of a sheriff's certificate of sale on foreclosure died before the deed was made devising all his property. The will was duly proved and decree of distribution made to the devisees, who subsequently conveyed the premises to G., who, in turn, conveyed to plaintiff. **Held,** that under Code Civ. Proc. § 648, providing that, in default of redemption, the officer who made the sale or his successor shall complete the sale by conveying the property to the purchaser, or to any person who may have acquired the purchaser's interest, plaintiff was entitled to receive a deed from the successor of the sheriff who made the sale.

(Opinion filed March 22, 1911.)

Appeal from Circuit Court, Hyde County. Hon. LYMAN T. BOUCHER, Trial Judge.

Action by Andrew N. Van Camp against Robert Weber and others. From a judgment for plaintiff, and from an order denying a new trial, defendant Lambert Rezac appeals. Affirmed.

*M. C. Cunningham,* for appellant. *Andrew N. Van Camp,* for respondent.

SMITH, P. J. Plaintiff, who is respondent here, brought an action in the circuit court of Hyde county to determine adverse claims of the defendants to certain real estate of which plaintiff claims to be the owner and in possession. Defendant denies plaintiff's ownership, pleads title in himself, and for a further counterclaim alleges certain improvements made in good faith under claim and color of title. Appellant insists that plaintiff has failed to show in himself a title deraigned from the government of the United States. This contention is based upon the alleged insufficiency and incompetency of the evidence offered by plaintiff. Assignments of error cover the rulings of the trial court on objections to the competency and materiality of this evidence. The evidence consists of the records of various instruments affecting the title to the land, which appellant insists were offered without regard to logical order and sequence, and the objections, in part, are upon the ground that these records were irrelevant and immaterial at the particular time they were

offered.   An inspection of the abstract makes it clear that appel-
lant's criticism of the mode of procedure was not wholly unfound-
ed, as these records appear to have been offered haphazard, with-
out any regard to their orderly sequence.   These objections, how-
ever, go only to the order of proof which is controlled very largely,
if not exclusively, by the discretion of the trial court, and we shall
not attempt to review them upon this appeal.   The real question
presented is whether the evidence offered and received shows a
valid legal title in the plaintiff.   The plaintiff offered in evidence
the record of a patent from the United States to one George S.
French, the record of a mortgage from George S. French to
W. W. McDonald, the record of an assignment of this mortgage
from McDonald to Silas Newton, the record of the foreclosure of
this mortgage and a sale of the land to the assignee, Newton, the
complete records of the county court of Hyde county showing
probate of the will of Silas Newton, deceased, by which will New-
ton devised the "rest and remainder of my estate in whatever it
may consist and wherever found" to Elizabeth Ann White and
Nelson Tracy White, in equal shares, a special warranty deed of
this land from these devisees to Herbert M. Gifford, and a special
warranty deed from Herbert M. Gifford to Andrew N. Van Camp,
plaintiff and respondent herein.

The findings of the trial court were based in part upon these
records of the probate court.   The objections to these records
specify alleged irregularities in the proceedings before the probate
court, such as that the order and notice of hearing fixed for Janu-
ary 5th was had on January 7th, without an order adjourning the
hearing; that there was no justification of sureties upon a bond,
nor approval thereof, by the judge; that there was no inventory or
appraisement of property, and various other similar alleged irregu-
larities.   It is sufficient for the purposes of this appeal to note that
the records referred to in these objections are not contained in the
abstract, and for that reason the questions attempted to be raised
are not before us for review.   But, if they were before us, the
irregularities claimed are not such as to defeat the jurisdiction of
the court, and the probate proceedings are not open to collateral

attack in this action.  Blackman v. Mulhall, 19 S. D. 535, 104
N. W. 250.  The findings disclose that Silas Newton, the assignee
of the mortgage given by French, died testate; that the mortgage
had been foreclosed prior to his decease; that he was owner of the
certificate of sale at the time of his decease; that no redemption
had been made by the mortgagor or any other person, and that
the deceased had not conveyed the premises or the certificate prior
to his death; that he was entitled to a sheriff's deed, but no deed
had been issued; and that no other person had any right, title,
interest in, or lien upon the premises, except such liens as may
have existed for taxes; that by the last will and testament of de-
ceased all the property of the decedent was devised to Elizabeth
Ann White and Nelson Tracy White in equal shares; that the de-
visees conveyed the premises in dispute by warranty deed to Her-
bert N. Gifford, and Herbert N. Gifford conveyed the same by
special warranty deed to Andrew N. Van Camp, the plaintiff, all
of which conveyances were duly recorded.  The foreclosure of the
mortgage was under a power of sale contained in the mortgage,
and no question is raised upon this appeal as to the regularity of
the foreclosure proceedings or the record thereof.

Upon these facts the questions are: First.  What was the
interest vested in Silas Newton, by the sheriff's certificate of sale?
Second.  What right or interest was conveyed when the property
of deceased passed to and vested in Elizabeth Ann White and
Nelson Tracy White by his last will and testament?  Third.  What
rights or interest passed to Herbert N. Gifford by the deed of the
Whites, the two devisees?  Fourth.  What interest or rights were
vested in plaintiff, Van Camp, by Gifford's deed?  It is settled by
the decision of this court in Farr v. Semmler, 24 S. D. 290, 123
N. W. 835, that a certificate of sale on mortgage foreclosure re-
mains a lien only, and the legal title to the land does not pass
until the issuance of the sheriff's deed.  It cannot be doubted that
under the will of Silas Newton, the probate thereof, and the de-
cree of final distribution, Elizabeth Ann White and Nelson Tracy
White, devisees named in the will, became the owners of the
certificate of foreclosure sale and of any interest in the mortgaged

premises acquired by Newton at the sale, including the right to the sheriff's deed. Section 648, Code Civ. Proc., provides: "If such mortgaged premises be not redeemed it shall be the duty of the officer or his successor in office or any other person who sold the same, or his executors or administrators, or some other person appointed by the circuit court for that purpose, to complete such sale by executing a deed to the premises so sold, to the original purchaser, his heirs or assigns or to any person who may have acquired the title and interest of such purchaser by redemption or otherwise." It is entirely clear, therefore, that the devisees of Silas Newton were entitled to demand and receive from the sheriff a deed of the premises. It is also clear that the Whites, by their deed, transferred to Herbert N. Gifford every right and interest which they had acquired as devisees of Silas Newton, deceased, including the right to a sheriff's deed, and that Herbert N. Gifford by his special warranty deed to Andrew N. Van Camp, plaintiff and respondent, vested in respondent the same rights which he acquired by the deed from the Whites. On the 10th day of July, 1908, long prior to the commencement of this action, Arthur Lee, sheriff of Hyde county, and successor in office of S. R. Meigs, sheriff of Hyde county, who issued the original certificate of sale, duly made, executed and delivered to the plaintiff, Andrew N. Van Camp, a sheriff's deed pursuant to the aforesaid foreclosure proceedings, which deed contained full recitals of all matters and things required by law. The sheriff's deed was objected to by appellant on the ground that it did not appear that the grantee in the deed was owner of the sheriff's certificate of sale. It is probably true that when this deed was offered in evidence no showing had been made of the facts by reason of which plaintiff became the owner of the sheriff's certificate of sale. But all the evidence herein before referred to was offered and received in the course of the trial, and constituted a sufficient showing of plaintiff's ownership of the certificate of sale and a sufficient foundation for the introduction of the deed. Under the provisions of sections 653 and 662 of the Code of Civil Procedure, the sheriff's deed vested in Van Camp, the respondent, "the same

estate that was vested in the mortgagor at the time of the execution and delivery of the mortgage or at any time thereafter," and such deed was "as valid as if executed by the mortgagor and mortgagee." We cannot doubt, therefore, that the evidence offered by respondent upon the trial was entirely sufficient to sustain the findings of the trial court, and to show that respondent, Van Camp, was the owner of the legal title to the premises in dispute. No other question is raised upon this appeal.

The judgment and order of the trial court are therefore affirmed.