**In re NELSON.**

District Court, D. South Dakota.
Jan. 11, 1935.

E. A. Berke, of Brookings, S. D., for debtor.

Fiske & Morris, of Sioux Falls, S. D. (Judge & Chapman, Bailey & Voorhees, and Boyce, Warren & Fairbank, all of Sioux Falls, S. D., of counsel), for Metropolitan Life Ins. Co.

WYMAN, District Judge.

On the 27th of May, 1926, Martin Nelson, the then owner of four separate tracts of farm land in Brookings county, S. D., executed and delivered to E. H. Lougee, Inc., of Sioux Falls, S. D., four certain promissory notes in the principal sums of $7,000, $5,500, $7,500 and $5,000, respectively, with interest at the rate of 5½ per cent. per annum, each of said notes being secured by real estate mortgage covering one of the tracts of land, respectively, and which said real estate mortgages, together with the indebtedness secured thereby, were, for value received, duly assigned to the Metropolitan Life Insurance Company; that thereafter, by reason of default made in the payment of said notes and the terms and conditions of said mortgages, the Metropolitan Life Insurance Company foreclosed said mortgages by advertisement, pursuant to the laws of the state of South Dakota, and the mortgaged premises were sold at sheriff's sale on January 30, 1934, in said foreclosure proceedings; that the Metropolitan Life Insurance Company, at said foreclosure sale, became the purchaser of each of said tracts of land for sums equal to the amount of the indebtedness in each case, plus the costs and expenses of foreclosure; that the full amount of the purchase price was in each case indorsed as paid upon the promissory notes, respectively, and the mortgages were canceled by indorsements thereon of the sheriff of Brookings county, and a sheriff's certificate of sale as to each of said four tracts of real estate was duly executed and delivered by the said sheriff of Brookings county to the Metropolitan Life Insurance Company on the said 30th day of January, 1934, and thereafter duly recorded in the office of the register of deeds of Brookings county.

On September 26, 1934, the above-named Martin Nelson filed in this court his petition for composition or extension of time to pay his debts pursuant to the provisions of section 75 of the Bankruptcy Act (11 USCA § 203), together with his schedules wherein the real property above referred to is listed as assets, and the Metropolitan Life Insurance Company is listed as a secured creditor. Said petition and schedules were on the 28th day of September, 1934, by order of court, approved as properly filed and thereupon referred to Olaf Eidem, Esq., the duly appointed, qualified, and acting conciliation commissioner in and for Brookings county, S. D.; that at a meeting of creditors called and held by said conciliation commissioner, pursuant to law, the above-named Metropolitan Life Insurance Company appeared and made and filed objections to such proceedings and an application to dismiss the same as to the said Metropolitan Life Insurance Company, for the reason that the Metropolitan Life Insurance Company has no provable claim or claims before the conciliation commissioner or against the estate in bankruptcy of the said Martin Nelson; that the debts represented by the said notes and mortgages have been paid in full, and that the relation of debtor and creditor between the said Martin Nelson and the said Metropolitan Life Insurance Company has ceased to exist and did not exist at the time of the filing of the debtor's petition herein; that the said debtor nor his representative in these proceedings in composition or extension, nor in bankruptcy, had or has or will have any right, title, or interest in or to any of the above-described real estate except the right to redeem from said certificates of sale; that no contract relation whatever exists between the said Martin Nelson and the Metropolitan Life Insurance Company, and the conciliation commissioner herein has no jurisdiction over the Metropolitan Life Insurance Company, nor over the property above described, nor of the alleged indebtedness to the Metropolitan Life Insurance Company set forth in the debtor's petition. The matter is brought here upon the certificate of the conciliation commissioner for the review of the order of the conciliation commissioner overruling the objections and denying the petition of the Metropolitan Life Insurance Company.

As indicated by the objections filed in the proceedings before the commissioner, it is the contention of the insurance company that the foreclosure of its mortgages and the execution and delivery to it of the several certificates of sale operated as a complete payment and satisfaction of the indebtedness, and vested in it, as purchaser at the foreclosure sale, a conditional equitable title to the real property involved, subject only

to the statutory right of redemption which remains in the mortgagor; that, therefore, the relationship of debtor and creditor no longer exists between the parties, and that the insurance company has no provable claim against the debtor; that the only property interest in or to the real estate involved remaining in the debtor after the issuance of the certificates of sale was the naked, legal title coupled with the statutory right to possession and right to redeem within the statutory time.

On the other hand, it is the contention of the debtor that the foreclosure sale of the real estate and the issuance of the certificate of sale did not materially change the status of the title to the property or the relationship of the parties; that under the law of South Dakota, as construed by the state Supreme Court, the insurance company, as owner and holder of the certificates of sale, is the mere lienholder, and that Nelson, as mortgagor, still retains the legal and equitable title to the property; and that the filing of his petition for the composition or extension of his debts brought the real estate under the exclusive jurisdiction of the bankruptcy court.

Obviously, the question thus presented must turn upon a determination of the effect of the mortgage foreclosure sale and the issuance of the sheriff's certificate of sale, under the statutes of the state of South Dakota.

Section 2887 of the South Dakota Revised Code 1919, as amended by chapter 137, Session Laws of 1933, in so far as the same is applicable, reads as follows: "All real property sold upon foreclosure of mortgage by advertisement, order, judgment or decree of court, may be redeemed at any time within one year after such sale in like manner and to the same effect as provided in part 7, of this title, for redemption of real property sold upon execution, so far as the same may be applicable. * * *"

Section 1559, S. D. Rev. Code 1919, reads as follows: "A mortgagee may foreclose the right of redemption of the mortgagor as prescribed in title 2."

Section 2912, S. D. Rev. Code 1919, provides that the redemption of real property sold upon foreclosure of mortgage by order, judgment, or decree of court, shall be as provided in section 2887, quoted above, and that portion of part 7, title 2, of the Code, relating to the sale and redemption of real property sold under execution referred to in section 2887, in so far as the same is ap-plicable, reads as follows: "Section 2679. *Purchaser's Right—Sheriff's Certificate.*— Upon a sale of real property the purchaser is substituted to, and acquires all the right, title, interest and claim of the judgment debtor thereto; and when the estate is less than a lease hold of two years unexpired term, the sale is absolute. In all other cases the real property is subject to redemp-tion as provided in this part. The officer must give to the purchaser a certificate of sale, containing:

"1. A particular description of the real property sold.

"2. The price paid for each distinct lot or parcel.

"3. The whole price paid.

"4. When subject to redemption it must be so stated.

"Such certificate must be executed by the officer and acknowledged or approved as deeds of real property, and may be recorded in the office of the register of deeds of the county wherein the real property is situated; and the same, or a certified copy thereof, certified by such register, shall be taken and deemed evidence of the facts therein recited and contained."

There seems to be no specific statute as to the effect of a mortgage foreclosure sale or the sheriff's certificate issued pursuant thereto, but it would seem that it was the purpose of the Legislature to, by reference, make the statutory provisions in relation to sales under execution, and certificates issued thereunder, applicable to sales and certificates incident to mortgage foreclosures. Section 2886 (amended by Laws 1925, c. 222), which deals with the delivery and contents of the certificate of sale by the officer making the same to the purchaser in mortgage foreclosure sale, among other things, provides: "Each certificate must be executed and acknowledged and shall be filed and recorded in the office of the Register of Deeds where the mortgage is recorded, within ten days from the date of sale, and shall be of the same validity and effect as a certificate of sale of real property under execution."

The decisions of the Supreme Court of the state of South Dakota upon questions involving the effect of a mortgage foreclosure sale and the sheriff's certificate issued pursuant thereto, are not as definite and harmonious as might be desired, and a careful consideration of them leaves room for doubt as to just what the position of the

court is upon these questions. In the case of Wood v. Conrad, 2 S. D. 405, 50 N. W. 903, 904, which involves the right of the holder of a certificate of sale under execution, Bennett, J., speaking for the court, uses the following language: "It will thus be seen that a sale of real property under an execution is a conditional one. The purchaser acquires a conditional equitable estate, which may become an absolute one by the lapse of time. The legal title remains in the judgment debtor, with the further right in him, and also his creditors having subsequent liens, to defeat the operation of a sale already made. During the period of redemption, the dry, naked, legal title remains in the judgment debtor, with authority in the sheriff to divest it, at the expiration of the redemption period, by executing a deed to the purchaser. But the purchaser, under the provisions of section 5159, Comp. Laws, is the owner in equity, and entitled to the rents and profits."

In MacGregor v. Pierce et al., 17 S. D. 51, 95 N. W. 281, 284, the following language is used: "After a judicial sale in this state, the legal title remains in the mortgagor or judgment debtor until a deed is executed to the purchaser or redemptioner, and the certificate of sale constitutes but a lien in the nature of an equitable estate."

In Farr v. Semmler et al., 24 S. D. 290, 123 N. W. 835, 837, the court speaks as follows: "Under the statute of this state a mortgage upon real estate is not a conveyance of title, but only a lien upon the land as security for a debt. After a foreclosure sale the certificate still remains a lien only, until the time for redemption has expired, and no title is transferred until the sheriff's deed has been duly issued. It is the sheriff's deed that invests the purchaser at mortgage sale with the mortgagor's title."

In Van Camp v. Weber, 27 S. D. 276, 130 N. W. 591, 592, the court says: "It is settled by the decision of this court in Farr v. Semmler, 24 S. D. 290, 123 N. W. 835, that a certificate of sale on mortgage foreclosure remains a lien only, and the legal title to the land does not pass until the issuance of the sheriff's deed."

In State ex rel. Hale et al. v. McGee, Circuit Court Judge, et al., 38 S. D. 257, 160 N. W. 1009, 1010, the following language appears: "A sale held under a power of sale, where the statute has been complied with in the giving of notice, etc., is a valid sale, and passes to the purchaser a conditional equitable estate. This equitable estate is a vested estate; it will, except there be redemption—the condition to which it is subject—ripen into an absolute estate by mere lapse of time. Wood v. Conrad, 2 S. D. 405, 50 N. W. 903; MacGregor v. Pierce, 17 S. D. 51, 95 N. W. 281. This absolute estate entitles the holder thereof to be vested with the legal title through the sheriff's deed. Upon the sale, the mortgage debt, to the extent of the proceeds of the sale applicable to its payment, is wiped out, and ceases to exist."

In Krueger v. Central Lumber Co., 56 S. D. 626, 230 N. W. 243, 245, we find the following: "So far as the record discloses, the foreclosure sale of the state's mortgage was honestly and fairly conducted, and appellant became the voluntary purchaser of the homestead quarter at such sale. By bidding the full amount due on the first mortgage, including interest and costs of foreclosure, appellant released the northwest quarter which it then owned from the first mortgage lien. It also became the owner of a lien on the homestead quarter subject to respondent's right to redeem that quarter within one year from the date of sale."

While, as indicated above, a study of the South Dakota decisions leaves ample room for doubt as to the effect of a foreclosure sale and the issuance of a sheriff's certificate, a careful study of those cases, wherein a sheriff's certificate of sale is referred to and held to be a lien only, reveals the fact that in each instance the court cites its previous decision in Farr v. Semmler, supra, as authority therefor, and it appears that the pronouncement in the Farr Case is made upon the authority of MacGregor v. Pierce, supra, wherein the court stated: "After a judicial sale in this state, the legal title remains in the mortgagor or judgment debtor until a deed is executed to the purchaser or redemptioner, and the certificate of sale constitutes but a lien in the nature of an equitable estate."

In the case of Hardin et al. v. Kelley, 144 F. 353, 354, decided by the Circuit Court of Appeals of the Eighth Circuit, which case involved the question of the right of an attaching creditor to redeem from an execution sale under the South Dakota statute, Hook, J., speaking for the court, says, in part: "The other statutory provision authorizes one who has a lien to redeem from a superior lien upon the same property, * * * and Hardin's contention is that a purchaser at an execution sale before the passing of the sheriff's deed is a mere lien holder, and his interest in the land is a lien, and

therefore an attaching creditor is given the right to redeem therefrom. It is true that the interest of a purchaser before redemption and before deed has in some cases been termed a lien by way of distinguishment from the legal title which still remains in the judgment debtor. But in its usual and ordinary signification a lien is a claim which one person has on the property of another as security for some debt or charge for the payment or satisfaction of which the property may be sold. When one purchases at an execution sale he takes a step looking to the acquisition of full title. He does not thereby become the creditor of any one, and no one is indebted to him for the money he pays to the officer making the sale. His interest should appropriately be termed an inchoate ownership which may automatically ripen into complete title without any further act on his part. * * * The Supreme Court of South Dakota has called it a 'conditional equitable estate,' also an 'equitable title.' Wood v. Conrad, 2 S. D. 405, 50 N. W. 903. In California, under a similar statute, it has been termed an 'equitable estate'; the court saying that the use of the word 'lien' in connection therewith is not exact. Page v. Rogers, 31 Cal. 294. The right of an owner to pay off and discharge all liens upon his property exists independently of statute, yet it is a familiar rule that the right is cut off and destroyed by a sale under execution or decree of a court. It is then said to have been foreclosed. The right to redeem from a sale does not exist independently of statute (Parker v. Dacres, 130 U. S. 43, 9 S. Ct. 433, 32 L. Ed. 848), and this would seem to indicate that the interest of a purchaser is something different from a lien. We are of the opinion that, after real property has been sold on execution, an attaching creditor before judgment has no right under the South Dakota statute to redeem from the sale as from a superior lien. This conclusion is fortified by the fact that the Legislature of that state has made specific provision for redemption from sales and has expressly confined the right to a class of persons which does not include holders of attachment liens. We do not understand the case of MacGregor v. Pierce, 17 S. D. 51, 95 N. W. 281, to be in conflict with these views, excepting in the incidental observation that a certificate of sale constitutes a lien in the nature of an equitable estate."

When these decisions are all considered together, to me, at least, it is quite apparent that the claim of the debtor in the case at bar, to the effect that the holder of a sheriff's certificate of sale upon mortgage foreclosure is a mere lienholder, and that the relationship of debtor and creditor exists between the mortgagor and mortgagee after the sale and issuance of a certificate, finds but questionable support in the holdings of the South Dakota court. I am convinced that the position of the insurance company, to the effect that the foreclosure sale for the full amount of the indebtedness, and the issuance of the certificate thereon, operated as a satisfaction of the debt and vested in the holder of the certificate the equitable title to the property subject to the statutory right in the mortgagor to redeem, is far more rational and finds at least as much support in the South Dakota decisions as does the contention of the debtor.

I am clearly of the opinion that the insurance company is in no sense a creditor of the debtor, Nelson, and that it has no provable claim against him or his property, and, therefore, that the order of the learned conciliation commissioner overruling the objections interposed by the insurance company should be reversed. I am also clearly of the view that the foreclosure sales and the issuance of the sheriff's certificates thereunder operated to extinguish all of the mortgagor's property in and to the real estate involved, save only the bare legal title, coupled with the statutory right of possession and the right of redemption within the time allowed by statute. These are valuable property rights, and the bankruptcy court undoubtedly has jurisdiction over them, but they are rights which will be lost if the right to redeem is not exercised within the time allowed by the statute. That time cannot be enlarged or extended by the bankruptcy court, and upon the expiration of the redemption period, in the absence of redemption, the property interests of the debtor in the real estate are lost.

It follows that the objections interposed before the conciliation commissioner on the part of the Metropolitan Life Insurance Company should be sustained, and the proceedings, in so far as the Metropolitan Life Insurance Company is concerned, be dismissed, and that the schedules of the debtor filed in said proceedings be amended by striking therefrom the lands covered by said certificates of sale which are listed as assets, and in view of the fact that the time for redemption has not yet expired, I am of the opinion that the debtor's naked, legal title, coupled with the right to possession and the right to redeem, are property rights which should be listed as assets in said schedules.