**In re Alton (NMN) RICE and Geraldine D. Rice, d/b/a Northside Package Liquors, a sole proprietorship, Debtors.**

**Bankruptcy No. 382–00057.**

United States Bankruptcy Court, D. South Dakota.

Aug. 31, 1984.

J.M. Grossenburg, Day, Grossenburg & Whiting, Winner, S.D., for petitioner.

John M. Fousek, Rapid City, S.D., for respondent.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

The above-entitled matter is before the Court on Home Federal Savings and Loan Association's (Home Federal's) motion to reconsider an order confirming the debtors' chapter 13 plan. Because the time within

which a motion to reconsider could properly be brought lapsed long before Home Federal requested such relief, the Court will construe the motion to reconsider as a motion for relief from judgment or order under Bankr.R.P. 924.[1] Bankr.R.P. 924 substantially applies F.R.Civ.P. 60. Because the debtors filed their chapter 13 petition on July 21, 1982, over one year prior to the effective date of the new Federal Rules of Bankruptcy Procedure, August 1, 1983, the Court will apply the rules in effect prior to August 1, 1983.[2]

### The Facts

A judgment of foreclosure was entered against certain parcels of the debtors' real property located in Winner, South Dakota, on May 9, 1979.[3] The property was not sold at a foreclosure sale nor was a sheriff's certificate issued, however, until May 20, 1982. The debtors filed their chapter 13 petition in bankruptcy on July 21, 1982, about two months after the foreclosure sale, and filed their related schedules and a chapter 13 plan on February 9, 1983.

The debtors' statement of affairs or schedules clearly indicate Home Federal's status as a secured creditor and the fact that the property in question was sold at a May 20, 1982, sheriff's sale, with the related redemption period not terminating until May 21, 1983. See Chapter 13 Statement of Affairs at Nos. 9, 11, and 13. The

debtors' proposed chapter 13 plan treats Home Federal's claim at paragraph 3(a), which reads as follows:

"E 76' of Lots 11 and 12 and S 22' of E 76' of Lot 10, Block 28, Tripp County, South Dakota, mortgaged to First Dakota Home & Loan and Esther Assman as of May 21, 1983, which is the date redemption expires."

Moreover, it is obvious that certain real property; to wit, Lots Eleven and Twelve (11 & 12), Block Six (6), original townsite of Winner, Tripp County, South Dakota (the disputed property), is not "released to foreclosure" by the plan. Thus, Home Federal's claim is relegated to the right to foreclose on the property described in paragraph 3(a) of the plan. Paragraph 5 of the plan states that, "Upon completion of all payments to secured creditors, the secured creditors will provide all documentations necessary to release their liens."

Pursuant to a notice served on all parties in interest by the Clerk of the Bankruptcy Court, an 11 U.S.C. § 341 meeting of creditors was held in Pierre, South Dakota, on March 1, 1983. Immediately after the section 341 meeting, the Court held a confirmation hearing on the debtors' chapter 13 plan, again in accordance with the notice provided to all parties in interest by the Clerk. The Court entered an order confirming the debtors' chapter 13 plan on March 10, 1983. A sheriff's deed was re-

1. A motion for reconsideration is essentially a motion for a new trial under Bankruptcy Rule 923, which applies Federal Rule of Civil Procedure 59 with minor exceptions not relevant here. Under Federal Rule of Civil Procedure 59, a motion for a new trial has to be served within ten days after the entry of the judgment. The Clerk entered the order confirming the debtors' chapter 13 plan on March 10, 1983. Home Federal served the motion for reconsideration on July 26, 1983, well beyond ten days after the entry of the judgment. On the other hand, Bankruptcy Rule of Procedure 924, which applies Federal Rule of Civil Procedure 60, allows relief under certain circumstances from final judgments or orders.

2. New Federal Rules of Bankruptcy Procedure became effective on August 1, 1983. The rules were promulgated by the Supreme Court pursuant to 28 U.S.C. § 2075 and not altered by the

Congress during the time period allowed by law. The Supreme Court Order adopting the new rules, dated April 25, 1983, specifically provides that the new rules are applicable to all proceedings pending on August 1, 1983, except to the extent that, in the opinion of the bankruptcy court, their application would work an injustice or not be feasible, then the former rules apply.

3. The judgment related to the following real property:

East Seventy-six Feet (E 76') of Lots Eleven and Twelve (11 & 12) and South Twenty-two Feet (S 22') of East Seventy-six Feet (E 76') of Lot Ten (10) in Block Twenty-eight (28), original townsite of Winner, Tripp County, South Dakota.

Lots Eleven and Twelve (11 & 12), Block Six (6), original townsite of Winner, Tripp County, South Dakota.

corded by the Tripp County Register of Deeds on May 23, 1983, conveying title to the real property in question to Home Federal. Thereafter, a dispute between the parties over the effect of the confirmation of the chapter 13 plan arose. Home Federal subsequently filed a verified motion for reconsideration of the order confirming the debtors' chapter 13 plan on July 27, 1983. The debtors filed objections to Home Federal's motion for reconsideration on August 8, 1983. The Court held a hearing on Home Federal's motion on September 7, 1983, in Pierre, South Dakota. Neither party offered any evidence at the September 7, 1983, hearing, the record reflecting only arguments from counsel.

The Court wrote a letter to both counsel on March 20, 1984, specifically directing the parties to submit memorandums of law addressing at least nine issues identified by the Court. In addition, the Court indicated that the bankruptcy rules of procedure in effect prior to August 1, 1983, would be applied to the controversy and further encouraged the parties to address any additional issues raised by the pleadings. Subsequently, the parties submitted their memorandums. Counsel for the debtors addressed all nine issues raised by the Court in its March 20, 1984, letter. Home Federal, however, in spite of the clear directive in the Court's March 20, 1984, letter, chose only to address the issue of whether the Court had jurisdiction over the disputed real property in March of 1983. Home Federal did not move the Court for permission to address only a single issue, but rather chose to do so on its own.

Home Federal insists that it is entitled to an evidentiary hearing if the Court does not decide the jurisdictional issue in its favor. Home Federal does not explain why it did not present any evidence at the hearing held on September 7, 1983.

Home Federal raises numerous issues in its verified motion for reconsideration, including: (1) that the order confirming the plan fails to note the rejection of the plan and claim filed by Home Federal; (2) that the notice from the Clerk of the Bankrupt-cy Court does not state that action would be taken on the plan following the section 341 meeting; (3) that the notice from the Clerk was misleading because it stated that claims could be filed within six months after March 1, 1983, and, thus, Home Federal's claim and rejection of the plan filed March 2, 1983, were timely and the Court should have considered its rejection; (4) that notice of the order confirming the debtors' chapter 13 plan was not sent to Home Federal's counsel although they filed a rejection of the plan, thus denying them due process of law; (5) that the order confirming the plan is based on a mistake of fact; (6) that the values recited in the plan are objectionable; and (7) that the Court lacked jurisdiction over the disputed property as the debtors did not own the property because a state court judgment of foreclosure had been entered.

The debtors object to Home Federal's motion for reconsideration for the following reasons: (1) that Home Federal received a copy of the debtors' plan which clearly described how its claim would be treated; (2) that an 11 U.S.C. § 341 meeting of creditors was held in accordance with the notice of the Clerk of the Bankruptcy Court; (3) that pursuant to the notice of the Clerk of the Bankruptcy Court, the Court held a hearing on the confirmation of the debtors' plan; (4) that Home Federal did not file a timely objection to the debtors' plan; (5) that Home Federal's counsel did not appear at the section 341 meeting or hearing on the confirmation of the plan; (6) that the bankruptcy rules do not require a copy of an order confirming a chapter 13 plan to be served upon those who do not oppose the confirmation of a chapter 13 plan; (7) that any allegations concerning a mistake of fact or property valuation should have been raised by filing objections at the confirmation hearing; (8) that the Court had jurisdiction over the property; (9) that Home Federal generally sat on its rights; (10) that Home Federal sought and received a sheriff's deed covering not only the property released by paragraph 3(a) of the plan, but property described as Lots Eleven and Twelve (11 &

12), Block Six (6), original townsite of Winner, Tripp County, South Dakota, after the confirmation of the plan in violation of the automatic stay mandated by 11 U.S.C. § 362; and, finally, (11) requested that the Court order Home Federal to release the disputed property.

### The Law

Rule 60(b) of the Federal Rules of Civil Procedure provides the reasons a party might receive relief from a final judgment or order as:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

The rule attempts to strike a balance between the conflicting principles that litigation must be brought to an end (finality) and that justice should be done. 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2851 (1973).

■ The decision to grant relief under F.R.Civ.P. 60(b) is generally within the sound discretion of the court. 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2857 (1973); *V.T.A., Inc. v. Airco, Inc.,* 597 F.2d 220, 223 (10th Cir. 1979). The "abuse of discretion" standard apparently applies to bankruptcy proceedings. 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2852 (1973). Motions that allege that a judgment or order is void, however, if substantiated, are not discretionary but mandatory. *V.T.A., Inc. v. Airco, Inc., supra,* at 224 nn. 7 & 8. The concept of setting aside judgments should be construed narrowly in the interest of finality. *V.T.A., Inc. v. Airco, Inc., supra,* at 225.

■ Although the Court specifically requested that both counsel address the issue of "Under what elements of Bankr.R.P. 924 should Home Federal be granted or denied the relief it has requested," Home Federal chose to substantially ignore the directive. Home Federal, however, apparently did address and does argue that the Court's order confirming the debtors' chapter 13 plan is void because the Court lacked jurisdiction over the disputed property and that Home Federal was otherwise denied due process of law. It is well settled that a judgment or order entered by a court without jurisdiction or in a manner inconsistent with due process is void. 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2862 (1973); *Lohman v. General Am. Life Ins. Co.,* 478 F.2d 719 (8th Cir.1973), *cert. denied,* 414 U.S. 857, 94 S.Ct. 162, 38 L.Ed.2d 107; *Simer v. Rios,* 661 F.2d 655, 663 (7th Cir.1981), *cert. denied,* 456 U.S. 917, 102 S.Ct. 1773, 72 L.Ed.2d 177. Conse-

quently, the Court will consider those issues raised by Home Federal that allege that the order confirming the debtors' plan is void. *See* F.R.Civ.P. 60(b)(4).

Any other issues raised by Home Federal, but not addressed in its memorandum, are considered waived. Home Federal is the moving party who seeks relief and, therefore, has the burden of establishing its entitlement to relief under F.R.Civ.P. 60(b)(1), (2), (3), (5), and (6). 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2857, *et seq.* (1973). Merely raising an issue is not enough. Moreover, the Court will not grant Home Federal an opportunity for an additional evidentiary hearing, there being no satisfactory explanation of why Home Federal did not introduce any evidence at the September 7, 1983, hearing on its motion for reconsideration.[4]

### *Jurisdiction*

■ Home Federal insists that the Court did not have subject matter jurisdiction over the real property in question in March of 1983 when the debtors' chapter 13 plan was confirmed. Section 541 of the Bankruptcy Code describes what property becomes property of a bankruptcy estate and, thus, is within the purview of the court's jurisdiction upon the filing of a petition in bankruptcy. 11 U.S.C. § 541. Section 541 is very broad. The bankruptcy estate includes all of the debtor's property wherever located, both real and personal, tangible and intangible, legal and equitable. *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983).

■ In the absence of any conflict between state and federal bankruptcy laws, the law of the state where the property is situated governs the question of property rights. *Stellwagen v. Clum,* 245 U.S. 605, 38 S.Ct. 215, 62 L.Ed. 507 (1918); *Matter of Gervich,* 570 F.2d 247 (8th Cir.1978). Consequently, the Court must look to the law of South Dakota to determine what rights

the debtors had in the real property in question at the time of the confirmation hearing.

■ A foreclosure sale and the issuance of the sheriff's certificate thereunder operate to extinguish all of a mortgagor's interest in and to the real estate involved, except the bare legal title coupled with the statutory right of redemption within the time allowed by statute. *In re Nelson,* 9 F.Supp. 657, 661 (D.S.D.1935); *Judy v. Ruden,* 59 S.D. 527, 241 N.W. 614 (1932).

■ Applicable South Dakota statutory provisions prescribe a one-year redemption period for the property in question. S.D.C.L. § 21–52–11 (1979). The redemption period begins to run from the date of the foreclosure sale. S.D.C.L. § 21–52–11 (1979); *Trenery v. America Mortg. Co.,* 11 S.D. 506, 78 N.W. 991, 993 (1899). Actual title to the foreclosed property, however, does not transfer to the purchaser until the sheriff's deed is duly served. *Farr v. Semmler,* 24 S.D. 290, 123 N.W. 835, 837 (1909).

■ The undisputed facts of this case clearly indicate that the debtors possessed bare legal title and a statutory right of redemption on March 1, 1983, when the Court held a confirmation hearing on the debtors' chapter 13 plan, as well as on March 10, 1983, when the order confirming the plan was entered. This is true because the redemption period began to run on May 20, 1982, the date of the foreclosure sale. The redemption period terminated on May 21, 1983, one year after the foreclosure sale. Moreover, the debtors could not be divested of legal title until a sheriff's deed was issued, an event which could not occur until the statutory redemption period concluded.

Based on the foregoing legal analysis, the debtors had a legal and equitable interest in the real property in question during March of 1983 when the confirmation hear-

---

**4.** The Court takes judicial notice of all the documents in the instant court file. All findings of fact incorporated herein are based thereon.

ing was held and the order of confirmation entered. Therefore, the real property was property of the estate and within the jurisdiction of the Court.

Home Federal has cited the relatively recent decision of *Johnson v. First Nat. Bank of Montevideo, Minn.*, 719 F.2d 270 (8th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984), for the proposition that any interest that the debtors may have had in the disputed property in March of 1983 was extinguished when the redemption period terminated and the sheriff's deed issued. Home Federal's reliance on *Johnson* is misplaced for several reasons. First, Home Federal has failed to address whether the debtors exercised their right of redemption by allowing Home Federal, under the provisions of their chapter 13 plan, property equal to the value of its claim. 11 U.S.C. §§ 1322(b)(8) and 1325(a)(5). If the property was redeemed under the confirmed chapter 13 plan, then the fact that the redemption period would have ended in May of 1983 is irrelevant.

Home Federal's reliance on *Johnson* is further misplaced because South Dakota law arguably requires an "affirmative act" to transfer legal title to property at the end of the redemption period. S.D.C.L. § 21–47–24 (1979). Thus, *Johnson,* which interprets Minnesota law, is distinguishable. Case law from other jurisdictions supports this interpretation. *In re Sapphire Investments,* 19 B.R. 492 (Bkrtcy.D.Ariz.1982); *Eaton Land and Cattle Co. v. Rocky Mountain Investments,* 28 B.R. 890 (Bkrtcy.D.Colo.1983); *Johnson, supra,* at 277.

Affirmative acts to obtain possession of property of the estate are stayed by 11 U.S.C. § 362(a)(3). Thus, even if the debtors did not redeem the disputed real property, it may remain property of the estate until relief from the automatic stay is granted and a sheriff's deed is properly issued. The sheriff's deed, recorded May 23, 1983, conveying title to Home Federal, is null and void. *In re Scott,* 24 B.R. 738 (Bkrtcy.M.D.Ala.1982).

The Court, however, need not decide whether South Dakota law dictates the same holding reached by the Eighth Circuit in *Johnson v. First Nat. Bank of Montevideo, Minn., supra.* After careful analysis, the Court concludes that the debtors redeemed the property in question under their chapter 13 plan. Home Federal was a creditor of the debtors in March of 1983. 11 U.S.C. § 101(9). Home Federal also had a "claim" against the debtors in March of 1983. 11 U.S.C. § 101(4). A chapter 13 plan may "provide for the payment of all or any part of a claim against the debtor from property of the estate or property of the debtor." 11 U.S.C. § 1322 (contents of a plan). As discussed earlier, the debtors' schedules clearly indicate that the disputed property was foreclosed upon and that the redemption period was running. Also, as noted earlier, the debtors' chapter 13 plan treats Home Federal's claim by releasing it to foreclose upon certain parcels of real estate other than the currently disputed real estate.

"On application by the trustee or debtor and after hearing upon such notice as the court may direct, the court may authorize the redemption of property from a lien or from a sale to enforce a lien in accordance with applicable law." Bankr.R.P. 13–606. The Court concludes that "applicable law" means federal law and, thus, the debtors must pay the value of Home Federal's claim to redeem. The amount of Home Federal's claim is affected by state law, *see* S.D.C.L. § 21–52–14 (1979 & Supp.1983), but the provisions for its payment are within the purview of the Bankruptcy Code. *See* 11 U.S.C. § 1322(b)(8); 11 U.S.C. § 1325(a)(5), 124 Cong.Rec. H 11,107 (Sept. 28, 1978), S 17,423 (Oct. 6, 1978) ("[T]he secured creditor in a case under chapter 13 may receive any property of a value as of the effective date of the plan equal to the allowed amount of the creditor's secured claim rather than being restricted to receiving deferred cash payments."). Whether the debtors' plan proposes to pay the "value" of Home Federal's claim is irrelevant at this juncture because Home Federal did not file an objection to the debtors' plan.

*See* 11 U.S.C. § 1327(a) ("The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan."); Bankr.R.P. 13–213.

It is important to realize that an objection to a plan and a rejection of a plan are separate procedures. *Compare* Bankr. R.P. 13–202 and 13–213. Home Federal rejected the debtors' plan through its proof of claim. The proof of claim was filed late, and, thus, the Court did not consider Home Federal's rejection at the confirmation hearing. Home Federal's rejection was based solely on the contention that the debtors did not own the property in question and, thus, the Court lacked jurisdiction. As discussed earlier, it is axiomatic that orders entered by a court without jurisdiction are void. Consequently, Home Federal has not been prejudiced by the Court's not ruling on its rejection at the confirmation hearing because it has subsequently raised the issue under Rule 60(b). In fact, if the Court had considered Home Federal's rejection and overruled it, counsel for Home Federal not being present to argue it, the issue would be res judicata. 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2862 (1973).

Based on the foregoing analysis, the Court had jurisdiction over the disputed real property during March of 1983 when the confirmation hearing was held and the order of confirmation entered. The debtors redeemed the disputed property under the terms of their chapter 13 plan. Therefore, the order confirming the chapter 13 plan is valid and the property remains property of the bankruptcy estate and, thus, within the Court's jurisdiction. Accordingly, Home Federal's motion for relief under Rule 60(b)(4), insofar as it relates to jurisdiction, must be and is denied.

### *Due Process*

 As discussed earlier in this decision, a final judgment and order entered by a court acting in a manner inconsistent with due process of law may be attacked under F.R.Civ.P. 60(b)(4). Home Federal has raised allegations of a lack of no notice, inadequate notice, or misleading notice that purportedly constitute a denial of due process of law under the Fifth Amendment to the United States Constitution. Due process requires proper notice and an opportunity for a hearing. *Mullane v. Central Hanover Bank and Trust Co.,* 339 U.S. 306, 313, 70 S.Ct. 652, 656, 94 L.Ed. 865 (1950). Without proper notice, the right to a hearing is of little value. *Rau v. Cavenaugh,* 500 F.Supp. 204, 206 (D.S.D. 1980). Elementary and fundamental notions of due process require that if any proceeding is to be afforded finality, notice of the proceeding reasonably calculated under all the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections is required. *Mullane v. Central Hanover Bank and Trust Co., supra,* at 313. The test appears to be one of fairness under the circumstances of each case. *Memphis Light, Gas and H20 Div. v. Craft,* 436 U.S. 1, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1978); *Soule Glass and Glazing Co. v. NLRB,* 652 F.2d 1055 (1st Cir. 1981).

 Home Federal contends that it was misled by the "Notice of Meeting of Creditors, Claim Filing, Hearing on Confirmation, Automatic Stays, Etc.," sent to all parties in interest by the Clerk of the Bankruptcy Court on February 15, 1983. The notice is allegedly misleading because it states that claims must be filed within six months after the "above date" set for the meeting of creditors to be allowed. The date of the first creditors' meeting (section 341 meeting) appears toward the top of the notice. The notice does not differentiate between secured and unsecured claims. Home Federal's proof of secured claim was filed by the Clerk of Court on March 2, 1983. The claim also included a "rejection" of the debtors' proposed chapter 13 plan.

Home Federal argues that it complied with the six-month notice but that its "rejection" of the plan was not considered by

the Court because the claim and rejection reached the Clerk of Court after the section 341 meeting of creditors and subsequent to the hearing on the confirmation of the plan which were held on March 1, 1983. Home Federal further alleges that the misleading claims notice, which resulted in its rejection not being considered by the Court, further precluded it from receiving notice of the entry of the order confirming the debtors' chapter 13 plan and thereby eliminated the opportunity for appeal, thus denying Home Federal due process of law.

Home Federal admits that counsel did not appear at the section 341 creditors' meeting or at the confirmation hearing, both held on March 1, 1983. Home Federal contends that the Clerk's notice did not state that action would be taken on the plan following the meeting of creditors and, therefore, it was deprived of proper notice.

Home Federal's contention that the Clerk's notice failed to indicate that a confirmation hearing would be held following the section 341 meeting is without merit. The notice provides as follows at paragraph 3:

"The hearing on confirmation shall be held before the judge following the meeting, and at the same place, or as soon thereafter as may be, or as continued or adjourned."

Doubtless, the notice provided in paragraph 3 is of a kind reasonably calculated under all the circumstances to apprise interested parties of the action and to give them ample time to prepare. The notice of the hearing on confirmation is clear. Home Federal's counsel's absence at the meeting was not caused by lack of notice or misleading notice and, thus, Home Federal was not denied due process of law.

Home Federal's allegation that the claims portion of the notice abridged its due process rights, however, is a more troublesome question. The notice clearly states that claims must be filed within six months after the first date set for the meeting of creditors to be allowed. The notice does not differentiate between secured claims and unsecured claims, neither does it address when a "rejection" of a chapter 13 plan must be filed. Under Bankr.R.P. 13–302(e)(1), a secured claim must be filed in a chapter 13 bankruptcy before the conclusion of the first meeting of creditors. If a secured claim is not timely filed, it is not treated as a secured claim for purposes of voting or distribution in the chapter 13 case. Bankr. R.P. 13–302(e)(1). Home Federal is treated as a secured creditor under the debtors' chapter 13 plan even though its secured claim was not timely filed. Thus, Home Federal did not lose its status as a secured creditor because of the alleged misleading notice and does not claim a deprivation of due process on that basis.

Rather, the crux of Home Federal's argument is that its reliance on the alleged misleading notice caused its proof of claim and rejection of the plan to be filed after the confirmation hearing. The Court did not consider its rejection because it was not yet on file. Because the rejection was not addressed by the Court, Home Federal was not served with a copy of the order confirming the plan, could not timely appeal, and, thus, was denied due process.

■ A creditor *may* include an acceptance or rejection in his proof of claim. Bankr.R.P. 13–202(a) (emphasis added). An acceptance or rejection may be filed any time prior to the conclusion of the first meeting of creditors and failure to timely file a rejection results in the creditor's being deemed to have accepted the plan. *Id.* The Clerk's notice that Home Federal complains about says nothing about a deadline when acceptances or rejections have to be filed. An acceptance or rejection may be included with a proof of claim but does not have to be. Consequently, the Court cannot conclude that the notice, as it relates to the time for filing proofs of claims, misled Home Federal on requirements for filing a rejection of the debtors' chapter 13 plan.

Home Federal was deemed to have accepted the debtors' plan when it failed to timely file a rejection. The Court did not have to consider Home Federal's rejection.

·Moreover, Home Federal was not entitled to notice of the entry of the order confirming the debtors' chapter 13 plan because its deemed acceptance prevented it from becoming a party who opposed the making of the judgment or order. Under Bankr.R.P. 922(a), only parties who oppose the entry of a judgment or order are entitled to notice of entry.[5]

The Court's conclusion that Home Federal was not deprived of due process of law under the provisions of the Clerk's notice relating to claims deadlines is reinforced by several factors. First, Home Federal is not prejudiced in any event because its untimely rejection raised the issue of the Court's jurisdiction which the Court has addressed under F.R.Civ.P. 60(b)(4). Second, it is axiomatic that lawyers are presumed to know the law. Third, Home Federal's counsel had adequate notice of the section 341 meeting and confirmation hearing but did not appear at either, thus eliminating the opportunity to present rejections or objections to the debtors' plan. Finally, in balancing the competing interests of finality and an opportunity for litigation on the merits, the fact that the debtors have been making payments under their plan for over a year argues for finality.

### Conclusion

The real property in dispute was property of the bankruptcy estate and, thus, subject to the Court's jurisdiction in March of 1983 when the hearing on the debtors' chapter 13 plan was held and the order confirming the plan was entered. The disputed real property remains property of the estate because the debtors' plan redeemed it prior to the termination of the redemption period.

Considering all the facts and circumstances surrounding the Clerk's "notice," Home Federal was not denied due process of law under its allegations of lack of notice, inadequate notice, or misleading notice.

Accordingly, Home Federal's motion for reconsideration is denied. To the extent that this decision grants the various objections raised by the debtors, those objections are sustained. The debtors, in their objections to Home Federal's motion for reconsideration, have asked the Court to issue an order compelling Home Federal to "release" the disputed property. Upon considering this decision, Home Federal and the debtors should be able to voluntarily and mutually agree to any steps that are necessary to reflect the fact that the property has been redeemed by the debtors. If this result cannot be arranged between the parties, the debtors may want to consider filing an action for injunctive relief. *See* Bankr.R.P. 701. Injunctive relief is properly requested by filing a complaint. Bankr. R.P. 703.

This Memorandum Decision constitutes the Court's Findings of Fact and Conclusions of Law in the above-entitled matter pursuant to Bankr.R.P. 752 and 914 and F.R.Civ.P. 52. Counsel for the debtors is directed to submit a proposed Order and Judgment, consistent with the Court's Findings of Fact and Conclusions of Law, in accordance with Bankr.R.P. 921, to the Clerk of this Court forthwith.

---

**5.** Immediately upon the entry of a judgment or order made by him, the referee shall serve a notice of the entry by mail in the manner provided by Rule 705 upon any party who opposed the making of the judgment or order and on such other persons as may be designated by the referee. The service of such notice shall be noted in the referee's docket. Lack of notice of the entry does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 802.