**In re Emil Anton HLAVAC, d/b/a Farmer, Debtor.**

**Bankruptcy No. 485–00414.**

United States Bankruptcy Court, D. South Dakota.

May 21, 1987.

Rick A. Yarnall, trustee, Sioux Falls, S.D., pro se, for the Chapter 7 Bankruptcy Estate of Emil Anton Hlavac, d/b/a Farmer.

Joe W. Cadwell, Sioux Falls, S.D., for debtor Emil Anton Hlavac, d/b/a Farmer.

Michael E. Ridgway, Yankton, S.D., for Creditor Federal Land Bank of Omaha.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

### INTRODUCTION

This matter is before the Court on a notice of proposed action for sale of four hundred (400) acres of real property filed by Chapter 7 Trustee Rick A. Yarnall on January 30, 1987. Debtor, Emil Anton Hlavac, resists the trustee's selling of a 160–acre tract, which was previously determined his homestead under South Dakota law, on the ground that the trustee has no interest in that property. Specifically, he contends that as the title owner of this 160–acre tract pursuant to a previously allowed homestead exemption claim, he necessarily owns any statutory redemption right, and other rights associated therewith, as against the chapter 7 trustee; therefore, the trustee, having no interest in this property, may not either sell or other-

---

wise administer this property—the Federal Land Bank of Omaha's (FLBO's) (mortgagee's) only right is to foreclose pursuant to state law when and if there is a default. Conversely, the trustee and FLBO insist that South Dakota's statutory redemption right is a separate estate property interest which does not automatically merge into the homestead exemption claim and, therefore, may be sold by the chapter 7 trustee as any other nonexempt asset. Attorney Joe W. Cadwell represented the debtor and Attorney Michael E. Ridgway the FLBO, and a hearing was held in Sioux Falls, South Dakota, on March 10, 1987.

## BACKGROUND

Debtor initially filed for relief under chapter 13 of the Bankruptcy Code on November 12, 1985, and, thereafter, converted to a chapter 7 on February 25, 1986.

1. Under Bankruptcy Rule 1019(1), the debtor's chapter 13 schedules are deemed to be filed in the chapter 7 case because the Court did not direct otherwise. According to the debtor's schedules, the estimated value of this property was $200,000 and the FLBO claim $176,337.41.

2. Waiver of right of homestead is recognized under South Dakota law. *See* S.D.C.L. § 43–31–17. *See also In re Lemme*, 41 B.R. 829 (Bankr. D.S.D.1984); *Schulterle v. Schulterle*, 260 N.W.2d 341 (1977).

3. The debtor claimed this property exempt pursuant to S.D.C.L. § 43–45–3, which reads as follows:

A homestead:
(1) As defined and limited in chapter 43–31, is absolutely exempt; or
(2) In the event such homestead is sold under the provisions of chapter 21–19, or is sold by the owner voluntarily, the proceeds of such sale, not exceeding the sum of thirty thousand dollars, is absolutely exempt for a period of one year after the receipt of such proceeds by the owner. Such exemption shall not be limited to thirty thousand dollars for a homestead of a person seventy years of age or older or the unremarried surviving spouse of such person so long as it continues to possess the character of a homestead.

No objection or request for sale under chapter 21–19 was made by either the trustee or any creditor. Under this chapter, a creditor may request that the homestead be sold by the trustee only in limited circumstances. S.D.C.L. § 21–19–28 provides:
If the net value of the debtor's homestead being determined is more than [$30,000], the court shall determine whether it is feasible to

On the conversion date, the debtor owned, among other things, four hundred (400) acres of farmland which were subject to an FLBO mortgage.[1] This mortgage included a waiver of homestead clause.[2]

Valuing his exemption at $6,000, the debtor, in his B–4 schedules, claimed a certain 160-acre tract as exempt pursuant to South Dakota's homestead exemption laws. A hearing on objections to this claim was held on September 16, 1986. At that hearing, the trustee simply argued that this debtor may not claim this property as exempt under South Dakota's homestead exemption laws because it was 160 acres in size.[3] No other objections were filed or argued. Finding that this property was not within a "town plat," the Court overruled the trustee's objection and allowed

divide such homestead so that the debtor retains his full homestead exemption as provided by law, which division, if feasible, shall be ordered made and the order shall provide that only that portion not set aside to the debtor is subject to levy. If the court finds that such division is not feasible, the court shall make an order to the effect that only that portion of the debtor's homestead represented by the valuation of such homestead exemption plus any encumbrances is subject to levy.
S.D.C.L. § 21–19–29 provides:
If the levy is upon execution, the order shall direct a sale in accordance with this section. If the levy is not upon execution, the order shall provide that if and when execution issues, that such sale shall be made. Such sale shall be of the entire homestead, provided the price offered at such sale exceeds the sum of the homestead exemption set by subdivision (2) of § 43–45–3 plus the costs of sale for the equity of the debtor, and from the purchase price, the officer must pay the amount of such homestead exemption to the debtor, the balance of the sale price to be distributed as provided by law as to execution sales of nonexempt real estate. The order must further provide unless waived by the debtor that sale of the homestead be not had for sixty days, and that at any time prior to the sale the debtor may, at his option, pay to the officer the surplus of the determined valuation of said homestead over and above such homestead exemption plus all encumbrances.
*See also First Nat'l Bank of Beresford v. Anderson*, 332 N.W.2d 723, 725 (1983); *Peck v. Peck*, 51 S.D. 157, 212 N.W. 872, 875 (1927).

the 160–acre claim pursuant to S.D.C.L. § 43–31–4.[4]

A hearing on a notice of proposed action for sale of four hundred (400) acres of real property by the chapter 7 trustee was held on March 10, 1987. Debtor resisted the trustee's selling of the 160–acre tract on the ground that the trustee had no remaining interest in and, therefore, no right to sell this property.

### ISSUE

The principal issue raised is whether a chapter 7 debtor who is the owner/mortgagor of real property pursuant to an allowed homestead exemption, and not the trustee, is entitled to South Dakota's statutory redemption right and other rights associated therewith.

### LAW

As to this issue, the Court holds that a chapter 7 debtor who is the owner/mortgagor of real property resulting from an allowed homestead exemption claim, and not the trustee, is entitled to South Dakota's statutory redemption right and other rights associated therewith. Based on this, the Court finds that the trustee has no interest in the 160–acre tract which may be sold, used, or leased pursuant to 11 U.S.C. § 363(b) and, therefore, the debtor's objection to the sale is sustained. This is based on the following discussion.

Under the Bankruptcy Code, the commencement of a case creates an "estate" consisting of all legal and equitable interests of the debtor in property at the time of the commencement of the case. 11 U.S.C. § 541(a). *See also United States v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983). Title is an interest that vests in the estate. 4 *Collier on Bankruptcy* ¶ 541.02 (15th ed. 1987). Thereafter, although title does not vest in the trustee himself, the trustee has authority to dispose of the property comprising the estate pursuant to sections 323(a) and 363(b).[5] *Id.* Once property comes into the estate, an individual debtor may claim the property exempt as is otherwise allowed under South Dakota law. *See* 11 U.S.C. § 522(b); S.D.C.L. §§ 43–31–30 and 43–45–13. *See also* 4 *Collier on Bankruptcy, supra,* at ¶ 541.02. The result is that property which is claimed exempt under South Dakota law may not be sold by the trustee pursuant to section 363(b) or otherwise because it is no longer property of the estate, but of the debtor. *Id.* In the instant case, this means that the trustee may not sell the 160–acre tract without the debtor's consent because it was exempted from the bankruptcy estate under South Dakota's homestead exemption law, including no creditor sales request pursuant to chapter 21–19 regarding excess equity in the property,[6] and, therefore, is owned by the debtor.

Having described both the factual and legal context in which this problem arises, the issue of whether the debtor, who is the owner/mortgagor of real property pursuant to an allowed homestead exemption, and not the trustee, is entitled to South Dakota's statutory redemption right may now properly be addressed.

Under South Dakota law, the statutory redemption right is defined as:

> ... the right to repay the amount paid for real property or any interest thereon, sold on foreclosure of a real estate mortgage or on special or general execution against the property of a judgment debtor, or upon the foreclosure of any lien upon such real property other than a lien for taxes or special assessment.

S.D.C.L. § 21–52–1.

Except for one-hundred-eighty-day redemption mortgages, a person may exercise this right at any time not exceeding one year from the date of the sale. S.D.C.L. § 21–

---

**4.** S.D.C.L. § 43–31–4 reads, in part:
"If within a town plat the homestead must not exceed one acre in extent, and if not within a town plat, it must not embrace in the aggregate more than one hundred sixty acres."

**5.** Section 323(a) provides that the trustee is the representative of the estate. 11 U.S.C. § 323(a). Section 363(b) gives the trustee authority, after

notice and hearing, to use, sell, or lease, other than in the ordinary course of business, the property of the estate. 11 U.S.C. § 363(b). *See also* 11 U.S.C. § 704, Duties of Trustee.

**6.** *See* n. 3 for explanation of a creditor's request for sale of claimed homestead when equity in the property claimed exceeds $30,000.

52–11. Any real property held in fee is subject to this right if it may be sold on foreclosure of the real estate mortgage. *See* S.D.C.L. §§ 21–52–3, –4.

Debtor insists that because he is the owner/mortgagor of the property pursuant to an allowed homestead exemption claim, it necessarily follows that, bankruptcy notwithstanding, he is entitled to the statutory redemption right and other rights associated therewith. Conversely, the trustee and FLBO contend that because the statutory redemption right is part of the estate and is not itself otherwise exempted under South Dakota law, the trustee may sell this as he would any other nonexempt asset. As support, they cite *Johnson v. First National Bank of Montevideo*, 719 F.2d 270 (8th Cir.1984), *cert. denied*, 465 U.S. 1012, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984); *In re Rice*, 42 B.R. 838 (Bankr.D.S.D.1984); and *In re Nelson*, 9 F.Supp. 657 (D.S.D.1935), for the broad proposition that, notwithstanding the property is owned by the debtor and is subject to a mortgage, the statutory redemption right is a separate estate asset and, therefore, may be sold by the chapter 7 trustee as any other nonexempt asset.

Trustee's and FLBO's reliance on *Johnson, Rice,* and *Nelson* is misplaced. In considering statutory redemption rights, *Johnson*, a leading case in chapter 11 reorganization, stands only for the proposition that the statutory redemption period (plus sixty (60) days under section 108(b)), and not the property itself, may be reorganized around if the property was foreclosed upon and sold prior to filing. 719 F.2d 270, 276–78. Underlying this is that the statutory redemption right, and not the property itself, is the only estate interest at the time of filing. *Id.* at 276. In the instant case, no foreclosure sale had been effected prior to filing. *Rice* only describes what interest would remain when a mortgage foreclosure sale was completed. 42 B.R. 838, 843. In *Nelson*, the United States District Court for the District of South Dakota held only that the Bankruptcy Court, under the Bankruptcy Act of 1898, may neither enlarge nor extend the statutory redemption right when the mortgage foreclosure and sale are completed prior to filing. 9

F.Supp. at 661–62. None of these cases, therefore, provides any substantive insight into resolving this question.

At this point, it is necessary to contemplate the factual and legal context in which this problem arises. Remembering that the debtor is the owner/mortgagor pursuant to an allowed homestead exemption claim, the question simply is who may properly claim a redemption right under South Dakota law. This answer is the owner/mortgagor. With respect to this, S.D.C.L. § 21–52–5, in part, provides that:

> The owner, mortgagor, judgment debtor, or the successors of either, having any interest in the property sold and the holders of any lien, legal or equitable, subsequent and junior to that from which redemption is to be made, on the property sold, or any part thereof, or any share or interest therein, shall have the right to redeem from a sale....

An opposite result would be clearly against public policy in South Dakota. Our legislature, by statute, has declared certain mortgagor-mortgagee contract provisions as against public policy and unenforceable, including a clause in which:

> [T]he mortgagor [in connection with his homestead property] pledges, assigns, transfers, or agrees so to do, to the mortgagee or for his benefit, as payment of, or security for, the payment of any debt secured by such mortgage, either the right to the possession of the mortgaged premises prior to the expiration of the period of redemption or all or any part of the rental, crops, or proceeds to be received therefrom or produced thereon prior to the expiration of the period of redemption....

S.D.C.L. § 44–8–7.

Trustee and FLBO note that if the Court finds for the debtor, it is essentially holding that the statutory redemption right automatically merges into the homestead exemption, giving the debtor greater exemptions not otherwise intended under South Dakota exemption laws. While the Court admits that this may be the result in this case, its holding is based on a common sense application of South Dakota law in the bankruptcy context. Again, it must be

remembered in the instant facts that the debtor claimed the property, and not proceeds, as exempt and no foreclosure sale was completed prior to filing.

Based on the foregoing, the Court holds that a chapter 7 debtor who is the owner/mortgagor of real property resulting from an allowed homestead exemption claim, and not the trustee, is entitled to South Dakota's statutory redemption right and other rights associated therewith. From this, it necessarily follows that the trustee has no interest in the 160–acre tract which may be sold, used, or leased pursuant to 11 U.S.C. § 363(b) and, therefore, the debtor's objection to the sale is sustained.

Accordingly, the above and foregoing hereby constitutes the Court's Findings of Fact and Conclusions of Law in the above-entitled matter pursuant to Bankr.R.P. 7052 and 9014 and F.R.Civ.P. 52. Counsel for the debtor is directed to submit an appropriate order in accordance with Bankr.R.P. 9021.