**DeMERS, Dennis David and DeMers, Shirley Ann, Appellants,**

v.

**FEDERAL LAND BANK OF OMAHA, Appellee.**

Civ. No. 87–3034.

United States District Court, D. South Dakota, C.D.

Nov. 10, 1987.

Max A. Gors, Gors, Braun & Zastrow, Pierre, S.D., for appellants.

Brent A. Wilbur, May, Adam, Gerdes & Thompson, Pierre, S.D., for Federal Land Bank of Omaha.

Ray P. Murley, Asst. U.S. Atty., Sioux Falls, S.D., for U.S./Farmers Home Admin.

William P. Westphal, Sr., Minneapolis, Minn., U.S. Trustee.

MEMORANDUM OPINION

DONALD J. PORTER, Chief Judge.

On January 28, 1975, Dennis and Shirley DeMers [DeMers] mortgaged their 1199 acre farm in Tripp County, South Dakota to the Federal Land Bank of Omaha [FLB]. After DeMers defaulted on the loan, FLB foreclosed the mortgage and obtained a Final Judgment of Foreclosure on June 11, 1986 for $127,254.36. On July 25, 1986, the property was sold to FLB at a sheriff's sale for $129,672.37, and FLB obtained a sheriff's certificate of sale.

Under South Dakota law, DeMers had until July 25, 1987 to redeem the property. The property has not been redeemed. On November 24, 1986, DeMers filed a petition for relief under Chapter 11 of the Bankruptcy Code. In DeMers' Chapter 11 Disclosure Statement, the following proposal for redemption of the property is stated:

> The land will be redeemed by paying the secured claim of $129,672.37 (which is the amount bid by Federal Land Bank at the foreclosure sale) over 20 years with interest at 9% with the first annual payment of $14,205.15 due on May 1, 1988, and thereafter annually. (citation omitted) The portion of Federal Land Bank's claim in excess of its bid at the foreclosure sale in the amount of $7,721.60 for interest since the foreclosure sale will not be paid.

Prior to the confirmation of DeMers' Chapter 11 plan of reorganization, FLB brought an action for declaratory relief and relief from the automatic stay in order to record its Sheriff's Deed. In an order dated May 19, 1987, Judge Peder Ecker granted FLB relief from the stay. Judge Ecker held that DeMers' interest in the 1200 acre farm was limited to a right of redemption which could only be exercised in accordance with South Dakota law.

On June 17, 1987, a hearing was held on confirmation of DeMers' plan and an Order of Confirmation, entered June 17, 1987, contained the following treatment of the real estate by stipulation of the parties:

> The claim of Federal Land Bank on a judgment of foreclosure on 1200 acres described as: S½ S14; S½ S15; E½SE¼ S16; NE¼, E½SE¼ S22; NW¼, W½SW¼ S23, T96N, R75W, 5th PM, Tripp County, South Dakota, in the

amount of $137,393.97 will not be part of this Plan unless Debtors win an appeal of the Bankruptcy Court's ruling that Debtors cannot redeem by confirmation of a Plan. If Debtors win, the Plan will be modified accordingly. If Debtors lose, no further action will be necessary in the Plan.

On appeal, DeMers argue that confirmation of their Chapter 11 plan within the one-year statutory redemption period, providing for redemption of the property as set forth in their Disclosure Statement, constitutes redemption within the meaning of South Dakota's redemption statutes. This Court disagrees.

SDCL § 21–52–14 provides that a redemptioner may redeem from the purchaser at a sheriff's sale by paying "the amount of the purchase price ... with interest at the legal rate ... from the date of sale upon the purchase price of the property." SDCL § 21–52–14 (1987).[1] FLB argues that a cash, lump sum payment is required to redeem. This Court agrees.

In bankruptcy courts, property rights are to be determined according to state laws except when state laws are in conflict with the Bankruptcy Code. *See Butner v. U.S.*, 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed. 2d 136 (1979); *Johnson v. First Nat'l Bank*, 719 F.2d 270, 273 (8th Cir.1983) (applying Minnesota law). As stated by the Eighth Circuit in *Johnson v. First Nat'l Bank:* "[A]bsent a specific grant of authority from Congress or exceptional circumstances, a bankruptcy court may not exercise its equitable powers to create substantive rights which do not exist under state law." 719 F.2d at 274.

DeMers have not argued that the Bankruptcy Code is in conflict with SDCL

---

1. SDCL § 21–52–14. Amounts required for redemption from sale—superior lien of purchaser included. Any redemptioner may redeem from the purchaser at any sale described in Section 21–52–1, by paying to the sheriff or other person appointed by a court to make the sale, the amount of the purchase price, plus any sums paid by the purchaser to protect his interest in such property for taxes, insurance, installments of principal or interest upon a superior lien, with interest at the legal rate as specified in 54–3–5.1 from the date of sale upon the pur-

chase price of the property, and from the date of the payment of any sum paid for taxes, insurance or installments of principal or interest upon a prior lien. If the purchaser is the holder of a lien upon real property other than that under which sale was made, which is superior to the lien of the redemptioner, the redemptioner shall likewise pay the amount of the additional lien, including interest to the date of payment.

SDCL § 21–52–14 (1987).

§ 21–52–14. In Chapter 11, section 1123(a)(5)(G) authorizes the cure of any default. 11 U.S.C. § 1123(a)(5)(G) (Supp. 1987). This section provides in relevant part:

(a) Notwithstanding any otherwise applicable nonbankruptcy law, a plan shall—
. . .
(5) provide adequate means for the plan's implementation, such as—
. . .
(G) curing or waiving of any default. . . .

*Id.*

Some courts have equated the authority to cure of section 1123(a)(5)(G) with the authority to cure in Chapter 13 as set forth in section 1322(b).[2] *See In re Taddeo*, 685 F.2d 24, 29 (2d Cir.1982); *Matter of Celeste Court Apartments, Inc.*, 47 B.R. 470, 473 (D.Del.1985); *In re East Lansing 30 Associates*, 47 B.R. 593, 595–96 (Bkrtcy.W.D. Mich.1985). The United States Bankruptcy Court for the District of South Dakota has held that a debtor may redeem mortgaged property under 11 U.S.C. § 1322(b). *See In re Rice*, 42 B.R. 838, 844 (Bkrtcy.D.S.D. 1984).

This Court need not decide, however, whether the remedial aims of the default provisions of Chapter 11 and Chapter 13 are the same or whether these provisions should be construed the same. The issue on appeal in this action is whether the DeMers' proposal for curing the default on the FLB mortgage constitutes "redemption" within the meaning of SDCL § 21–52–14.

Only one court has directly addressed whether a debtor may cure a default in a Chapter 11 plan by making installment payments over a period of time. *Valente v. Savings Bank of Rockville*, 34 B.R. 362 (D.Conn.1983). In that case, the debtors' Chapter 11 plan for reorganization contained a provision to deaccelerate and rein-

state a mortgage following a final state court judgment by making installment payments over a twelve month period. *Id.* at 364. Notably, a sale had not taken place to cut off the debtors' equity of redemption under Connecticut law. *Id.* at 366. The case was remanded for a determination of whether the plan would cure the default. *Id.* at 367. Another court has allowed a Chapter 11 debtor to redeem property from the purchaser at a sheriff's sale by providing that the purchaser be paid in full. *See In re East Lansing 30 Associates*, 47 B.R. at 597. In that case, the bankruptcy court implied that installment payments over a period of years would be permissible in a Chapter 11 confirmation. *Id.* at 596. This Court, however, in following South Dakota law, does not agree with the reasoning of these opinions.

It is well established that bankruptcy courts cannot create property rights that do not exist under state law. *Butner v. U.S.*, 440 U.S. at 55, 99 S.Ct. at 918. Just as the extension of a statutory redemption period has been held to be an impermissible creation of substantive rights, *see Johnson v. First National Bank*, 719 F.2d 270, 274 (8th Cir.1983); *In re Donaldson*, 43 B.R. 506, 507–08 (Bkrtcy.D.S.D.1984), redemption by the confirmation of a Chapter 11 plan which would have the effect of extending the redemption period by allowing payments to be made over a period of years must also fail.

Section 108(b) of the Bankruptcy Code provides the only means by which a statutory redemption period may be extended. *See Johnson v. First Nat'l Bank*, 719 F.2d at 274. 11 U.S.C. § 108(b) provides that when a redemption period has not expired at the date of filing a bankruptcy petition, the trustee may cure before the end of that period or sixty days after filing, whichever is later. 11 U.S.C. § 108(b) (1985 & Supp.

---

**2.** 11 U.S.C. §§ 1322(b)(2), (5) (1979 & Supp. 1987)

(b) [T]he plan may—
(2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of

unsecured claims, or leave unaffected the rights of holders of any class of claims;
. . .
(5) notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time. . . .

1987). In this case, DeMers filed their Chapter 11 petition more than sixty days prior to the end of the redemption period so 11 U.S.C. § 108(b) does not extend the redemption period beyond July 25, 1987, which has passed.

In addition, SDCL § 21–52–14 clearly provides that the amount required for redemption is to include interest on the purchase price computed at the legal rate as specified by statute. SDCL § 21–52–14 (1987). As DeMers' proposal for redemption does not include an amount for interest and expressly denies any such amount, the plan must fail as it fails to redeem the property as required by South Dakota law.

While an exception to the above line of cases exists in cases of "fraud, mistake, accident, or erroneous conduct on the part of the foreclosing officer," *see Johnson v. First Nat'l Bank*, 719 F.2d at 274, no such deficiencies in the foreclosure procedure are claimed in this case. Thus, this Court holds that the confirmation of a Chapter 11 plan providing for the redemption of real property by making payments over time does not constitute redemption within the meaning of SDCL § 21–52–14. The order of the bankruptcy court granting FLB relief from the automatic stay in order to record its sheriff's deed, therefore, must be affirmed.