DUKE, Appellant, v. UTICA STATE BANK et al, Respondents.

(216 N. W. 580.)

(File No. 6162.   Opinion filed December 13, 1927).

*Harry Kunkle* and *Clark & Henderson,* all of Yankton, for Appellant.

*Orvis & French,* of Yankton, for Respondents.

MISER, C.   Appellant seeks to recover, in this action, the value of certain corn which he alleges to have been converted by respondents.   The appeal is from an order sustaining respondents' demurrer to appellant's complaint.   The complaint demurred to alleges in brief that, in May, 1920, appellant mortgaged his farm in Yankton county to respondent bank to secure his promissory

note for $8,730.50; that, default having occurred, this mortgage was regularly foreclosed by advertisement; that, on April 23, 1925, land was bid in by respondent bank for an amount $1,000 less than the debt with costs of foreclosure, and certificate of sale was issued; that, in November, 1925, respondent bank commenced an action in the circuit court of Yankton county to recover from appellant the balance of $1,000 still owing it, and, in said action, a warrant of attachment was issued directed to the respondent sheriff, based on an affidavit stating appellant to be a non-resident of South Dakota owning property in Yankton county; that, under this warrant of attachment, the respondent sheriff levied upon and took into his possession appellant's share of a crop of corn raised on said land after the foreclosure sale by appellant's tenant; that by such levy defendants, respondents herein, wrongfully converted to their own use appellant's share of said corn in the value of $560, for which sum with costs appellant asked judgment.

To this complaint, defendants demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action. The trial court sustained this demurrer, and this appeal is from such order.

Appellant contends that, inasmuch as the crop attached is part of the rents and profits from mortgaged land during the period of redemption, and inasmuch as the sum of $1,000 sued for by respondent was the deficiency in said mortgage indebtedness, the attachment constituted an unlawful conversion; that, even though appellant is a nonresident of South Dakota, he was in possession of the mortgaged premises by and through a tenant, and, if the mortgagee can attach the rents and profits from the land during the year of redemption, such mortgagee is in effect enjoying the fruits of possession despite the fact that section 2898 of the Revised Code of 1919 provides that in no case should the possession of the premises so sold be delivered to the purchaser until after the expiration of the period of redemption. In support of this position appellant cites Rudolph v. Herman, 4 S. D. 283, 56 N. W. 901; Siems v. Pierre Sav. Bank, 7 S. D. 338, 64 N. W. 167; First Nat. Bank of Aberdeen v. Cranmer, 42 S. D. 404, 175 N. W. 881.

Respondents, however, do not contend that they would be entitled to crops raised on the mortgaged land during the period of redemption, either as mortgagee or as owner of sheriff's certificate

of sale, but contend that, after the sale and after the proceeds thereof had been credited to appellant's note, there remained a deficiency on said note of $1,000; that, by the foreclosure of said mortgage and the sale of the mortgaged property, the mortgage was extinguished, but that respondent bank held appellant's note, not as mortgagee nor as holder of the sheriff's certificate of sale; and that it had the same right as any other creditor to attach appellant's crop, appellant, as a nonresident, being entitled to no exemptions.

Respondents also contend that Rudolph v. Herman, supra, and Siems v. Bank, supra, cited by appellant, furnish no support for appellant's contention. In this we agree with respondents. In both cases cited, the holder of a sheriff's certificate of sale issued under foreclosure proceedings by advertisement claimed that under such certificate he was entitled during the redemption period to the rents and profits of the mortgaged property. This claim was made under section 5159, Compiled Laws 1887. In both cases the court held that the claimants were not entitled by operation of law to such rents and profits, and, in the latter case, called attention to the repeal of section 5159 (Laws 1893, c. 139). In First National Bank v. Cranmer, supra, this court held that the trial court had no jurisdiction to order rents collected by a receiver to be paid in satisfaction of a personal deficiency judgment rendered in a foreclosure action where the defendants, mortgagors, in such action had not been personally served with process or otherwise personally brought within the jurisdiction of the court in the foreclosure action. Robinson v. Nelson, 44 S. D. 285, 183 N. W. 874, 876. Certainly, that case is no authority against respondent's contention that the owner and holder of a note, a portion of which has been paid by foreclosure of a real estate mortgage, has the same right as any other creditor to attach the crops of the mortgagor during the year of redemption, not to take possession of them as his own, that is, as mortgagee or owner of the sheriff's certificate of sale, but to levy an attachment upon them as the property of the mortgagor, his debtor.

Respondent cites us to no authorities directly in point; and; indeed, cases in point are not readily discoverable. "It is the general rule, however, that as the holder of a mortgage is entitled to recover the full amount of the mortgage debt, he may maintain

an action on the debt for what remains due, where there is a deficiency after foreclosure of the mortgage either by suit or under a power of sale." 19 R. C. L. 665. If an action on the note will lie, no reason appears why the provisional remedy of attachment should not be as readily available to such a creditor as to any other creditor, nor why, if there be sufficient grounds for attachment and the property be not otherwise exempt, the crops raised on the land during the year of redemption may not lawfully be seized under a warrant of attachment.

The order appealed from is sustained.

CAMPBELL, P. J., and POLLEY, SHERWOOD, BURCH, and BROWN, JJ., concur.