LANGEBERG, Plaintiff, v. PERRY, Judge.

(252 N. W. 882.)

(File No. 7668.   Opinion filed February 15, 1934.)

*James W. Nisbet,* of Dell Rapids, for Plaintiff.

*Van Buren Perry,* of Aberdeen, pro se, and *Otto L. Kaas,* of Briton, for Defendant.

RUDOLPH, J.   This is an original proceeding in mandamus. On February 6, 1933, an action was commenced in the circuit court of Marshall county for the foreclosure of a certain real estate mortgage upon real estate in that county.   A demurrer to the complaint was filed, and, after service of notice of hearing upon said demurrer, the demurrer was withdrawn and an answer interposed. The case was tried on the 12th day of June, 1933.   Thereafter and on September 27, 1933, Hon. Van Buren Perry, one of the judges of the Fifth judicial circuit, who heard and tried the case

in Marshall county, entered a judgment and decree of foreclosure. Special execution issued and notice of foreclosure sale was published as provided by law, and, on the 27th day of November, 1933, a sale of the mortgaged premises was had, which sale was conducted in all respects according to law, and the mortgaged property was bid in by the mortgagee for the sum of $3,500. The sheriff executed a sheriff's certificate of sale and delivered the same to the said mortgagee. The sheriff thereafter reported the said sale to the circuit court of Marshall county, which report of sale was filed in the office of the clerk of that court on the 27th day of November, 1933, and fifteen days thereafter the clerk of the said court indorsed his certificate upon said report of sale to the effect that no exceptions nor objections to such sale had been filed in his office. On December 16, 1933, there was sent to the court an order confirming the said sale. Judge Perry refused to sign the order or confirm the sale. This proceeding was then instituted, whereby it is sought to compel Judge Perry to confirm the sale of the mortgaged property. The answer admits that all of the proceedings leading up to the sale of the property and the sale were in all respects regular and in full compliance with all of the statutory requirements. The answer further sets forth certain matters by way of an alleged defense to the effect that there is existing an economic depression in the vicinity of this property, which has completely destroyed competitive bidding for farm land sold at a mortgage foreclosure sale; that as a result thereof the sum bid by the plaintiff for the property was so grossly inadequate that the confirmation of the sale would shock the conscience of the court. It further appears from the answer that, subsequent to the institution of this proceeding, the mortgagor, who was the defendant in the action in circuit court, presented to the circuit court an application and motion to vacate the sale, based upon substantially the same grounds as is given herein by the said Perry for his refusal to sign the order of confirmation.

The defendant in this proceeding contends that the act of the circuit court in confirming a sale of property sold under a decree of foreclosure is a judicial, as distinguished from a ministerial act, and that it therefore follows that, under the facts here presented, it was within the discretion of the defendant to refuse to confirm this sale. We will assume for the purposes of the opinion

that the facts alleged in the answer i. e., the lack of competitive bidding and the inadequacy of the bid, are true, although they are denied by the plaintiff.

■ ■ With the contention of the defendant we are unable to agree. A sale under a decree of foreclosure is not strictly a judicial sale. Kirby v. Ramsey, 9 S. D. 197, 68 N. W. 328. Our statute, section 2903, Rev. Code 1919, provides that the method and manner of such sales should be the same as the sale of real property upon execution. Whether sold upon execution or under a decree of foreclosure, the procedure for confirmation is identical. Section 2681, Rev. Code 1919; Rule 31, Trial Courts of Record. . We are of the opinion that, whether real property is sold under a decree of foreclosure or upon execution, the act of confirmation goes only to the regularity of the proceedings. This court in the case of Co-Operative Lumber Co. v. Treeby, 56 S. D. 313, 228 N. W. 390, 392, held as follows: "The order of confirmation determines nothing as to the validity of the title, but only determines that the proceedings relative to the sale are regular."

In the case of Kirby v. Ramsey, et al., supra, this court approved the holding of the Kansas court in the following language: "In Kansas, under a statute substantially, if not identically, like that in this state, it was held that the order of confirmation is an adjudication merely; that the proceedings of the officer, as they appear of record, are regular, and a direction to the sheriff to complete the sale. Any wrong not appearing in the proceedings of the officer has its appropriate remedy independent of, and in no way affected by, the order of confirmation. Koehler v. Ball, 2 Kan. 160 [83 Am. Dec. 451]. Confirmation in this state is usually a purely ex parte proceeding, as in this case."

The two cases above cited and quoted from involved sales under decrees of foreclosure. We also call attention to the following cases involving sales under general execution: Baxter v. O'Leary, 10 S. D. 150, 72 N. W. 91, 66 Am. St. Rep. 702; Crouch v. Dak., etc., R. Co., 18 S. D. 540, 101 N. W. 722. We hold in this case that the confirmation of this sale is only for the purpose of determining the regularity of the proceedings as they appear of record. The regularity being admitted by the answer of the defendant, it follows that the defendant should have entered an order confirming the sale.

The defendant to a large extent relies upon the early case of State ex rel Kunz v. Campbell, 5 S. D. 636, 60. N. W. 32, and in his argument has quoted much of the language used by the court in that case. It is true, we believe, that some of the language in that case supports the contention of the defendant, but the later cases of this court, which hold in effect that the act of confirmation is nothing more than a determination as to the regularity of the proceedings, have overruled the language upon which the defendant relies. Defendant also relies upon the case of Kirby v. Ramsey et al, supra, wherein the court says: "The primary purpose of the proceeding is to satisfy plaintiff's claim out of the property hypothecated for its payment, and the court should see that this is done in a just and equitable manner. It has, we think, in the exercise of a sound legal discretion, ample power to prevent any substantial abuse of its process."

However, when the court used this language last quoted, it was speaking with reference to the power of the court upon an application by defendant to have the sale set aside, and was not addressing its remarks to the power of the court upon a proceeding for confirmation. Just prior to the use of the language last above quoted, the court had expressed its approval of the Kansas holding, as set out above, wherein the Kansas court had, under an identical statute, held that an order of confirmation is merely an adjudication that the proceedings of the officer, as they appear of record, are regular.

We might add that, in our opinion, the court, on its own motion, by proper notice to parties, may in a foreclosure proceeding exercise the same power with reference to vacation of a sale that it may upon the application of a party. Upon the extent of this power invoked, either on the court's own motion, or the motion of an interested party, we express no opinion.

Being of the opinion that the act of confirmation of the sale goes only to the regularity of the proceedings as they appear on the face of the record, we conclude that such act constitutes a ministerial act only. It follows that, in our opinion, the defendant herein should execute an order confirming the sale of the mortgaged property, and that the writ prayed for herein should issue.

All the Judges concur.