BECHARD, et al, Respondents, v. UNION COUNTY, Appellant

(27 N. W.2d 591)

(File Nos. 8746 and 8750. Opinion filed May 19, 1947.)

**A. J. Beck,** of Elk Point, for Respondents.
**O. C. Donley,** of Elk Point, for Appellant.

ROBERTS, J.   Godfroy Bechard died February 3, 1904, leaving a will which was thereafter admitted to probate. The will, omitting parts not material to this controversy, reads as follows:

"3.   I give and devise to my son, Frederic Bechard, for and during the term of his natural life, the following described real property lying in said County of Union, to-wit:—All that part of the North East quarter and of the North half of the South East quarter of Section Thirteen (13), in Township Ninety (90), of Range Forty nine (49), that lies North and East of the right of way of the Chicago, Milwaukee and Saint Paul Railway Company as the same is now located, and from and immediately after the death of the said Frederic Bechard, then I give and devise said real property, in fee simple, to the heirs of said Frederic Bechard.

"4.   I give and devise to my son, Alonzo Bechard, in fee simple, the following described real property, lying in said County of Union, to-wit: the South half of the South East quarter of Section Twelve (12), in Township Ninety

(90), of Range Forty nine (49), subject however to the payment of the following charges, which I hereby charge upon said last described real property, to-wit:—

"(1). All my just debts which shall be proven against my estate in the due course of administration and all expenses of such administration.

"(2). The payment to my daughter, Eugenie Loiselle, of the sum of One thousand Dollars, to be paid within six years after my decease, in five equal payments payable in two, three, four, five and six years after my said decease, and bearing interest, from·and after the expiration of one year after my decease, at the rate of six per cent per annum, payable annually, it however being optional with my said son, Alonzo Bechard, to pay said One thousand Dollars at any time with interest to said time of payment.

"6. I expressly declare that it is intentional on my part to bequeath or devise nothing to my said daughter, Eugenie Loiselle, other than the charge heretofore made for the payment to her of the sum of One thousand Dollars and no more."

On September 17, 1904, the county court of Union county made and entered a decree of distribution, and so far as material here, reads as follows:

"Alonzo Bechard, executor of the last will and testament of Godfroy Bechard, deceased, having on the 6th day of September, 1904 filed in this court his petition * * * and it appearing * * * that the * * * devisees are entitled to the residue of the said estate in accordance with the terms of said will * * * It is hereby Ordered, Adjudged and Decreed, That the residue of said estate of Godfroy Bechard deceased, hereinafter particularly described and now remaining in the hands of said executor, be and the same is hereby distributed as follows, to-wit: * * * (Describing the land here involved) to Frederic Bechard, for and during the term of his natural life; and from and immediately after his decease, then, in fee simple, to the heirs of said Frederic Bechard.

"And the Court finds that no debts of said deceased were proven against his said estate and no claims of any kind presented and that all expenses of administration herein have been fully paid by said Alonzo Bechard. All property

belonging to said estate, not known or hereafter discovered, is distributed in equal parts to Ephrem Bechard, Alonzo Bechard, Eugenie Loiselle and Frederic Bechard."

The trial court's findings on the decisive issues are in substance as follows: That Frederic Bechard died intestate August 1, 1941; that he was survived by the defendant, Eugenie Bechard Loiselle, a sister, and the plaintiffs herein, Edward Bechard, Beatrice Kvam and Mary Louise Walter, children of a predeceased brother, Ephrem Bechard, and Jeanne Bechard Stack and Alair Bechard, the children of Francis Bechard, deceased son of Ephrem Bechard; that Eugenie Bechard Loiselle and Edward Bechard in February, 1922, by separate deeds conveyed to Frederic Bechard all the right, title or interest that they might acquire in the property involved in this action; that Frederic Bechard and his wife, Margaret, during the year 1926 executed two mortgages on said land to secure the payment to Union County of two promissory notes in the principal amount of $5,000 each; that defaults having occurred in the terms of such school fund mortgages, the premises were sold on March 7, 1932, on foreclosure sales to Union county; that no redemptions having been made, sheriff's deeds were issued to the county April 4, 1933; and that Union county has not since the time it acquired possession of the premises under the sheriff's deeds maintained or repaired the improvements on the land and by its failure to repair and maintain has caused a material decrease in the value of the remainder interest in the property.

As conclusions at law the court found that Frederic Bechard acquired under the will a life estate; that defendant Eugenie Bechard Loiselle acquired no interest whatsoever under the terms of the will in the real property; that defendant Union county is entitled to an undivided one-fourth interest in and to the real property involved in this action; and that Beatrice Kvam, Mary Louise Walter, Jeanne Bechard Stack and Alair Bechard are entitled to an undivided three-fourths interest in such property. Judgment was entered accordingly.

The case is here on two appeals. Plaintiffs have appealed from those parts of the judgment quieting title in

the county to an undivided one-fourth interest and off-setting certain rentals collected by the county against unpaid taxes. The county appealed from that part of the judgment quieting title in the plaintiffs to an undivided three-fourths interest in the premises.

The principal question presented for determination is whether Eugenie Bechard Loiselle was excluded from participating as an heir of Frederic Bechard. The court below found that she acquired no interest whatsoever under the terms of the will of her father in the real property. The county court had the equitable power to construe the will so far as it was necessary in order to distribute the estate; it could not decree a distribution without construing the will. In re Sjurson's Estate, 29 S. D. 566, 137 N. W. 341; Thompson v. Lake Madison Chatauqua Ass'n of South Dakota, 41 S. D. 351, 170 N. W. 578; Woolley v. Woolley, 52 S. D. 193, 217 N. W. 196; Kirby v. Western Surety Co., 70 S. D. 483, 19 N. W.2d 12. Counsel for the county relies upon the settled law as announced in these cases and contends that the county court in the exercise of its jurisdiction to construe the will determined that it was the intention of the testator to place his daughter on a parity with the other heirs with respect to all property belonging to the estate not known or subsequently discovered and not to exclude her from participating as a remainderman. Plaintiffs, on the other hand, contend that the decree of distribution should be construed in its entirety and effect should be given to every word and clause contained therein. The decree recites that the "devisees are entitled to the residue of said estate in accordance with the terms of the said will." Plaintiffs claim that by this language the will was made a specific part of the decree and that the court below in giving effect to the decree of distribution was required to determine the rights of the parties under the will. The duty of the county court to construe a will implies that the court may erroneously ascertain the intent of the testator. If the court makes a wrong decision, it is still a final decision and binding on all parties interested in the estate unless reversed, set aside or modified upon appeal or in some proceedings that constitutes a direct attack. In re ReQua's Estate, 70 S. D. 470, 18 N. W.2d 791. The con-

struction of the decree for which plaintiff contends would permit the use of the will to impeach the decree and would necessarily imply that the county court had failed to construe the provisions of the will in distributing the estate of the testator. Woolley v. Woolley, supra. We think that the decree of distribution must be construed to have vested in Eugenie Bechard Loiselle a share in the residuary estate and a right to share as an heir of Frederic Bechard. Even if it be conceded that this is not a correct construction of the will the decree is not for that reason to be disregarded or impeached by the provisions of the will or other evidence of the intention of the testator.

Plaintiffs claim that Frederic Bechard never acquired the title of Edward Bechard in the property; that the instrument signed by the latter was a blank deed, or if he did sign a deed, it was acknowledged; and that the interest sought to be transferred was not such an interest as could be transferred.

The trial court found that Frederic Bechard did on or about February 13, 1922, procure a deed from Edward Bechard and that it was filed for record in the office of the register of deeds of Union county on June 17, 1926. The original deed was not offered in evidence. The county offered in evidence a certified copy of the record of the deed. It recites that "Edward Bechard, Grantor, of Union County, State of South Dakota, for and in consideration of One ($1.00) Dollars, Conveys and quitclaims to Frederic Bechard, the grantee, of Jefferson, South Dakota P. O. all interest in the following described real estate in the County of Union in the State of South Dakota: Grantor also remises, release and forever quitclaim to the grantee, all right, title, or interest that he may acquire in the future, to the following described real property situated in the County of Union, State of South Dakota." The deed purports to be acknowleged in Union county before O. J. Beaubein, a notary public. Edward Bechard testified that at the request of his uncle, Frederic Bechard, he signed a paper; that it was not a deed and had no writing on it; that he asked no questions concerning the effect of his signature because he trusted his uncle; that he did not acknowledge execution of the instru-

ment; and that the real significance of the paper that he signed did not come to his attention until the present action was commenced.

■■■ Under the provisions of Sections 2724, Rev. C. 1919, SDC 36.0902, a certified copy of a deed which was acknowledged and duly recorded was admissible in evidence. The certificate of acknowledgment was prima facie evidence of the execution of the instrument and the burden of proving the matter relied upon to invalidate the certificate was upon the plaintiffs who sought to impeach it. Northwestern Loan & Banking Co. v. Jonasen, 11 S. D. 566, 79 N. W. 840. Plaintiffs rely upon Vesey v. Solberg, 27 S. D. 618, 132 N. W. 254, wherein this court held that where an instrument is claimed to be forged the record or a certified copy of the same is not of the same weight as the instrument itself. The testimony of the purported grantors and their son was held sufficient in that case to overcome the certificate of acknowledgment. Here the fact of acknowledgment is denied. Plaintiffs contend that the presumption as a rule of law was dispelled by the evidence and that the burden of going forward with the evidence was shifted to the defendant county. In some jurisdictions it is held that the uncorroborated testimony of the party acknowledging an instrument is not sufficient to overcome a certificate of acknowledgment regular on its face. 1 C. J. S., Acknowledgments, § 141. We do not need to say that such evidence is insufficient in all cases. The witness admitted that he went to a bank and signed a paper at the request of Frederic Bechard, his uncle, but denies that he acknowledged such instrument. We do not think that the evidence was such as to compel belief that the instrument was not acknowledged. The effect of the presumption, not as evidence, but as a rule of law, was not overcome.

■■■ The further question presented for our determination by the argument of counsel is the effect of the deed. It is claimed that the instrument is an ordinary quitclaim deed and under the provisions of Section 542, Rev. C. 1919, SDC 51.1403, did not convey an after-acquired title. It is manifest, however, from the language contained therein

that the grantor intended to convey an interest which he did not possess at the time. The deed recites that grantor "also remises, release and forever quitclaim to the grantee, all right, title, or interest that he may acquire in the future." The facts of the instant case are distinguishable from those considered in the case of Avon State Bank v. Commercial & Savings Bank, 49 S. D. 575, 207 N. W. 654, 44 A. L. R. 1462, cited by counsel. Under the provisions of Section 520, Rev. C. 1919, SDC 51.1301, therein referred to, it is provided that a mere possibility not coupled with an interest cannot be transferred and obviously a prospective heir executing a mortgage on lands of a living father, not expressing an intention to convey an after-acquired title, mortgaged no interest. Whether the interest of Edward Bechard in the property was contingent or vested is not a matter of controlling importance. If he had only a contingent interest there was clearly a possibility coupled with an interest which existed at the time of the conveyance. The interest was alienable and was conveyed by the deed.

██ The mortgages referred to were foreclosed by advertisement. In the publication of each notice of sale, the description of the premises conforming to that contained in the mortgage was followed by the words "the same being a life estate in said real property for and during the term of the natural lifetime of said Frederic Bechard." Plaintiffs concede that this irregularity in the notices did not vitiate the sales, but assert that the title that passed to the county was the life estate of Frederic Bechard. It is enough for the purposes of this decision to determine the extent of the title conveyed by the completed foreclosure sales. The statute, § 2880, Rev. C. 1919, expressly provided for what must be contained in the notice of sale. It did not require that the notice disclose the statuts of the title. A completed foreclosure sale passes all the right, title and interest in and to the mortgaged premises which the mortgagor possessed at the time the mortgage was executed or which was subsequently acquired by him. §§ 2886, 2894 and 2904, Rev. C. 1919; North Dakota Horse & Cattle Co. v. Serumgard, 17 N. D. 466, 117 N. W. 453, 29 L. R. A., N. S., 508, 138 Am. St. Rep. 717. We therefore conclude that the completed fore-

closure sales vested in the county the five-eighths interest acquired by the life tenant from Eugenie Bechard Loiselle and Edward Bechard.

The remaining errors argued relate to off-setting rentals against unpaid taxes. The court decreed that "all of the income from all of the real property * * * realized by or paid to the defendant, Union County, South Dakota, since the time of the death of Frederic Bechard on August 1, 1941 and up to the time of the entry of the Findings of Fact and Conclusions of Law herein, and all of the income to be realized by said Union County, South Dakota, out of the 1943 corn crop grown and raised on the property herein-after described during the farming season of 1943, be, and such income is hereby offset against and applied in full payment of all of the real estate taxes, and the interest accrued thereon, levied and assessed against all of the real property hereinafter specifically described for the years 1929, 1930, 1931 and 1932, and for the years 1942 and 1943." We do not understand counsel for the county to claim that the plaintiffs who have an interest in the premises are not en-titled to judgment for the proportionate share of whatever net rentals may have accrued after termination of the life estate. But something more than the computation of items is involved. The amount received by the county from the 1943 corn crop and the amount of taxes for 1942 and 1943 cannot be ascertained from the record. It appears that such rental item was not furnished by the county auditor pur-suant to stipulation of the parties. If counsel are unable to agree upon these items, the cause is remanded for the taking of further proof and the determination of such amounts in the court below.

The judgment appealed from is therefore reversed, and the cause remanded with directions to the trial court that further proceedings be had in conformity with this opinion. No costs to be taxed.

All the Judges concur, except POLLEY, J., not sitting.