In re Robert L. DONALDSON and Elizabeth J. Donaldson, d/b/a Farmer/Rancher.

Bankruptcy No. 584-00044.

United States Bankruptcy Court, D. South Dakota.

April 2, 1984.

Mr. Richard O. Sharpe, Costello, Porter, Hill, Nelson, Heisterkamp & Bushnell, Rapid City, S.D., for movant Federal Land Bank.

James P. Hurley, Bangs, McCullen, Butler, Foye & Simmons, Rapid City, S.D., for debtors/respondents Robert L. Donaldson and Elizabeth J. Donaldson.

PEDER K. ECKER, Bankruptcy Judge.

This case is before the Court on Federal Land Bank's Motion and Request for Dismissal of the Debtors' Chapter 11 Proceeding or, in the Alternative, for Termination or Modification of the Automatic Stay. The facts are not disputed. The Debtors, Robert and Elizabeth Donaldson, are husband and wife. They are engaged in a farming and ranching operation in Butte County, South Dakota. The Debtors defaulted on a mortgage held by Federal Land Bank on the Debtors' real estate. In early 1983, Federal Land Bank initiated a foreclosure action and obtained a judgment. Federal Land Bank subsequently purchased the real estate at public auction for the amount of the indebtedness. The Sheriff's Certificate of Sale was dated March 31, 1983. On April 2, 1984, the Debtors filed a Chapter 11 bankruptcy petition. On the same day, the Sheriff's Deed to the Debtors' property was issued. The Sheriff, however, did not record the deed, but rather mailed it to Federal Land Bank's

attorney. The Sheriff's Deed remains unfiled to date because of the automatic stay, and the Debtors remain in possession of the real estate.

Federal Land Bank now seeks relief from this Court to proceed to file the deed and to take possession of the Debtors' property, maintaining that the filing of the Sheriff's Deed is a ministerial act and that the Debtors have no remaining interest in the real estate because the redemption period has run. The Debtors' response is twofold. First, they allege that the Notice of Sale and the subsequently issued Sheriff's Certificate of Sale were defective because they misstated the amount of interest accruing on the property. This, the Debtors claim, misled them as to the amount of money required to redeem the property and effectively deprived them of their right to redeem it. Second, they argue that until the Sheriff's Deed is filed, Federal Land Bank's interest operates only as a lien on the property and that the Debtors retain an interest which would allow them to cure the default as a part of their reorganization in bankruptcy.

This Court finds the Debtors' position to be without merit. First, the foreclosure in this case was by action under S.D.C.L. Chapter 21–47. The applicable notice requirements governing proceedings under this chapter are found in S.D.C.L. § 15–19–9, which states, among other things, that the Notice of Sale must indicate the amount of judgment or other lien upon which the sale is to be made. The Sheriff's Certificate of Sale, according to S.D.C.L. § 15–19–19, must give information about redemption rights. S.D.C.L. § 21–52–14 sets out the amounts required to be paid for redemption, including interest on the purchase price at the statutory rate from the date of sale.

■ The dispute in the instant case is not over the amount of judgment, which was correctly stated in the Notice of Sale, but over the interest rate stated in both the Notice of Sale and the Sheriff's Certificate. This amount, however, was correctly stated in both documents. Because this was a foreclosure by action and Federal Land Bank's claim was reduced to judgment, it is entitled to 18% interest—the statutory rate at that time—from the date of judgment to the date of sale. S.D.C.L. § 54–3–5.1 (Supp.1982). The amount which would have been necessary to redeem the property is the purchase price plus interest on that amount at the same statutory rate of 18% from the date of sale. S.D.C.L. § 21–52–14; *First Federal Savings and Loan Assoc. of Sioux Falls v. Dardanella Financial Corporation*, 351 N.W.2d 460 (S.D., 1984).

■ Second, South Dakota law provides that a mortgager shall have one year from the date of the sale of real estate on foreclosure in which to redeem the property. S.D.C.L. § 21–52–11. Absent any defect in the procedure on foreclosure or any allegations of wrongdoing by the mortgagee, this Court is without the authority to stay the redemption period beyond that allowed by state statute.

The Eighth Circuit Court of Appeals analyzed this question at length in a recent Minnesota case. In *Johnson v. First National Bank of Montevideo*, 719 F.2d 270 (8th Cir.1983), the debtors, who filed a bankruptcy petition three weeks prior to the expiration of the redemption period, argued that the Bankruptcy Court had the authority to suspend indefinitely the running of the redemption period under the broad powers granted to it by Section 105(a). The Court of Appeals concluded that absent a specific grant of authority from Congress or exceptional circumstances, a bankruptcy court may not exercise its equitable powers to create substantive rights which do not exist under state law. *Id.* at 274.

The Appeals Court also considered the possible application of Section 362(a) and Section 108(b) to such a situation, stating that under Section 362(a), Congress intended to prohibit only certain types of affirmative actions and that an automatic transfer

**508**

of property following the expiration of a period of redemption does not constitute either an act or proceeding nor the enforcement of a right within the meaning of Section 362(a). Further, in reading the two sections together, the Court concluded that "An interpretation of § 362(a) as an indefinite stay of the statutory period of redemption would render § 108(b) superfluous." *Id.* at 278 (quoting *Bank of Commonwealth v. Bevan*, 13 B.R. 989 (D.C.E.D. Mich.1981). The latter section provides that where a debtor may cure a default or perform a similar act and as long as the time allowed for doing so has not expired as of the filing of the bankruptcy petition, the trustee is given until the end of such period or sixty days, whichever is later, to perform that act.

■ Although some of its facts are distinguishable from those in the instant case, the reasoning in *Johnson* is no less applicable to the Donaldsons' situation. If the Bankruptcy Court in *Johnson* did not have the authority to suspend the running of a redemption period when that period had not expired prior to the filing of the petition, clearly, this Court does not have the power in the instant case to resurrect a redemption right that has already been extinguished under state law. Even if the issuance and filing of the Sheriff's Deed are classified as "affirmative acts" under Section 362(a), what is important here is that the redemption period has run and all that the Debtors possess is bare legal title to the property. They have no right to redeem. The automatic stay will be modified to allow Federal Land Bank to file the Sheriff's Deed and proceed to exercise its ownership rights.

Accordingly, based on the foregoing, counsel for Federal Land Bank is directed to submit findings of fact and conclusions of law, not inconsistent with this letter decision, pursuant to Bankr.R.P. 7052 and 9014 and F.R.Civ.P. 52, and draft an appropriate order and judgment in accordance with Bankr.R.P. 9021.