853 F.2d 605
 Bankr. L. Rep. P 72,407
In re Dennis David DeMERS and Shirley Ann DeMers, Debtors.
Dennis David DeMERS and Shirley Ann DeMers, Appellants,
v.
FEDERAL LAND BANK OF OMAHA, Appellee.
 No. 87-5487.
 United States Court of Appeals,
Eighth Circuit.
 Submitted July 18, 1988.
Decided Aug. 5, 1988.
 
 Max A. Gors, Pierre, S.D., for appellants.
 Brent A. Wilbur, Pierre, S.D., for appellee.
 Before McMILLIAN, JOHN R. GIBSON and MAGILL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Dennis and Shirley DeMers (debtors) appeal from the district court's[1] order concluding that the confirmation of a Chapter 11 plan providing for the redemption of real property by making payments over time does not constitute redemption within the meaning of S.D.Codified Laws Ann. Sec. 21-52-14. We affirm.
 
 
 2
 The debtors farmed 2,000 acres in Tripp County, South Dakota. Federal Land Bank of Omaha (FLB) obtained a perfected first mortgage lien on 1,200 acres of the debtors' property. After the debtors defaulted on the loan, FLB commenced a foreclosure action, obtaining a judgment and decree of foreclosure. On July 25, 1986, the Tripp County Sheriff sold the 1,200 acres to FLB for $129,672.37, which covered FLB's judgment plus interest and sales expenses. FLB obtained a properly executed Sheriff's Certificate of Sale at this time. Pursuant to South Dakota law, the debtors had a right to redeem the property within one year from the date of the sale by paying the purchase price plus attendant costs. S.D.Codified Laws Ann. Secs. 21-52-11 and 21-52-14.
 
 
 3
 On November 24, 1986, the DeMers filed a Chapter 11 bankruptcy petition. Thereafter, the debtors filed their disclosure statement and reorganization plan which called for installment payments to FLB for twenty years. FLB sought relief from the bankruptcy court's automatic stay in order to record its deed as well as to obtain declaratory relief concerning its rights "as to" or "in" the property. The bankruptcy court granted FLB its requested relief, concluding that the debtors' only interest in the property was their right of redemption and that their ability to redeem the property through a plan of reorganization was governed by South Dakota law.
 
 
 4
 In affirming the bankruptcy court's decision, the district court concluded that S.D.Codified Laws Ann. Sec. 21-52-14 required a cash lump sum payment to redeem foreclosed property. Because the debtors' reorganization plan called for installment loan payments stretched over twenty years, the district court concluded that their petition did not constitute a redemption under South Dakota law. On appeal, the debtors argue that the bankruptcy court erred in not allowing them to redeem their land by confirming their Chapter 11 plan of reorganization.
 
 
 5
 Cases involving Chapter 11 proceedings confirm the lower courts' conclusion that the bankruptcy code does not authorize the bankruptcy courts to toll or suspend the running of a statutory redemption period created by state law in connection with real estate mortgage foreclosures. Johnson v. First Nat'l Bank, 719 F.2d 270, 277 (8th Cir.1983), cert. denied, 465 U.S. 1012, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984); In re Donaldson, 43 B.R. 506, 507 (Bankr.D.S.D.1984).
 
 
 6
 In addition, our decision, Justice v. Valley National Bank, 849 F.2d 1078, 1080 (8th Cir.1988), dealt with this issue in the context of a Chapter 12 proceeding. There, this court held that South Dakota law controlled the rights of the debtors' redemption of their farm and, accordingly, a bankruptcy court could not confirm a Chapter 12 reorganization plan which would extend or displace South Dakota's redemption period.[2] Id. at 1088.
 
 
 7
 Accordingly, we affirm the district court.
 
 
 
 [1]
 The Honorable Donald J. Porter, Chief Judge, United States District Court for the District of South Dakota
 
 
 [2]
 The debtors concede in their brief that Justice v. Valley National Bank deals with the same issue pending in this case