**In the Matter of Julia EYNETICH, Debtor.**

**Bankruptcy No. BK87–40193.**

United States Bankruptcy Court, D. Nebraska.

Dec. 29, 1988.

Susan L. Knight, Lincoln, Neb., for debtor.

Kathleen Laughlin, Omaha, Neb., trustee.

## MEMORANDUM

JOHN C. MINAHAN, Jr.,
Bankruptcy Judge.

The matter before the court is a Motion for Modification of Stay (Fil. # 28) and an Objection to Plan (Fil. # 29), filed by the United States of America ("USA") on behalf of the Farmers Home Administration.

For the reasons stated, the motions are sustained.

## FACTS

The FmHA is the holder of a promissory note and real estate mortgage executed by the debtor. Debtor defaulted on the note. On June 28, 1985, the FmHA gave notice of default, accelerated all amounts due under the note and demanded payment in full. The FmHA subsequently brought a foreclosure action in the United States District Court for the District of Nebraska. On April 2, 1987, the district court determined that the FmHA was entitled to judgment and foreclosure. *United States v. Eynetich,* No. CV86–L–295, slip op. (D.Neb. April 2, 1987), *aff'd,* 845 F.2d 1028 (1988). On November 16, 1987, following the district court judgment, but before any foreclosure sale, debtor filed Chapter 13 bankruptcy.

In its motion for modification of the automatic stay, the FmHA asserts that it is entitled to relief to continue foreclosure proceedings on debtor's home because its security interest is not adequately protected by debtor's plan. The FmHA also contends that relief is proper pursuant to the holdings in *Justice v. Valley National*

*Bank,* 849 F.2d 1078 (8th Cir.1988), and *In re DeMers,* 853 F.2d 605 (8th Cir.1988). The FmHA argues that the debtor's plan purports to deaccelerate the mortgage note and cure defaults under the Bankruptcy Code and that this is improper as a matter of law under the rationale of *Justice* and *In re DeMers.* In its objection to debtor's plan, the FmHA asserts that debtor's plan should not be confirmed because the plan does not provide for maintenance of payments on its mortgage while the case is pending, it does not provide for the submission of sufficient income to cure the default within a reasonable time, and debtor's plan was not proposed in good faith.

### CONCLUSIONS

■ The court concludes that the FmHA should be granted relief from the automatic stay for cause pursuant to 11 U.S.C. § 362(d)(1). First, the interest of the FmHA in debtor's property is not adequately protected. The property has a value less than the amount of the debt due the FmHA. In addition to the FmHA's claim of $42,723.73, Buffalo County has a tax lien on debtor's property in the amount of $2,643.01. Debtor's property has recently been appraised to have an approximate value of $35,000.00. This value of the property is insufficient to pay the claims held by the FmHA and Buffalo County, and leaves no equity in the property. Cause exists for granting relief because of the fact that taxes are unpaid and accruing. Buffalo County has a tax lien on debtor's property in the amount of $2,643.01, and this amount remains outstanding. The accrual of taxes erodes the value of the interest of the FmHA in the property because tax liens will be senior in priority to the mortgage of the FmHA. Second, cause for relief from the stay exists because the debtor's plan does not propose to pay the FmHA the full amount of principal and interest owed on the mortgage loan. Under the plan, payments of $113.00 per month will be made to the FmHA. This amount is inadequate to pay the arrearages on the mortgage while simultaneously maintaining full payments on the principal and interest which accrue in the ordinary course. The plan thus im-

permissibly impairs a claim secured by a primary residence under 11 U.S.C. § 1322(b)(2).

■ Relief from the automatic stay should also be granted under 11 U.S.C. § 362(d)(2). In light of the $35,000.00 value of the property and the claims of $42,-723.73, and the $2,643.01 asserted against it, the debtor has no equity in the property. Further, under § 362(g), the debtor has the burden of proof to establish that the property is necessary to an effective reorganization. The debtor has failed to establish that the subject property is needed for a reorganization.

Therefore, pursuant to 11 U.S.C. §§ 362(d)(1) and (d)(2), the FmHA should be allowed to take actions necessary to foreclose its interest in the debtor's property. The automatic stay of §§ 362 and 1301 is hereby lifted for that purpose.

■ The FmHA also argues that relief is proper based on the eighth circuit's rulings in *Justice* and *In re DeMers.* The FmHA contends that debtor's attempt to cure defaults under the reorganization plan by deaccelerating mortgage payments under applicable provisions of the Bankruptcy Code after the foreclosure decree has been rendered by the district court is improper as a matter of law under *Justice* and *In re DeMers.* These cases, however, are distinguishable from the instant case and do not control resolution of the FmHA's motion for relief.

Both *Justice* and *In re DeMers* involve South Dakota debtors who filed bankruptcy after a foreclosure judgment and sale of their property had occurred. The eighth circuit concluded that under South Dakota law a real estate mortgage is extinguished by the entry of a foreclosure decree and the sale of the mortgaged property. *See Justice,* at 1083–84 (8th Cir.1988) (citing *American Fed. Sav. & Loan Ass'n v. Kass,* 320 N.W.2d 800, 804 (S.D.1982)). Since the mortgage had been extinguished under South Dakota law by the time the bankruptcy case was filed, the bankruptcy plan could not reinstate the mortgage, deaccelerate the debt and cure defaults by

making payments in installments. The eighth circuit reasoned that South Dakota statutes which require full payment of the debt as a condition of redemption should control over Bankruptcy Code provisions which provide for deacceleration and cure. The court reasoned that "in the absence of any conflict or unless some federal interest requires a different result, the law of the state where the property is situated governs questions of property rights." *See Justice,* at 1084 (8th Cir.1988) (quoting *Butner v. United States,* 440 U.S. 48, 54–55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979)). In both *Justice* and *In re DeMers,* the debtor's were prevented from curing mortgage defaults under the Bankruptcy Code because their mortgages were extinguished under South Dakota law upon the entry of the foreclosure judgment and sale of their property. After the mortgages were extinguished, the South Dakota redemption statutes controlled questions of property rights.

In accordance with these eighth circuit decisions, the ability of a debtor to deaccelerate a mortgage and cure defaults under a Chapter 13 plan depends on whether or not the mortgage has been extinguished under state law at the time the bankruptcy case was commenced. *See Justice,* at 1083–84 (8th Cir.1988). Other circuits have adopted a similar analysis. *See In re Roach,* 824 F.2d 1370 (3rd Cir.1987); *In re Tynan,* 773 F.2d 177 (7th Cir.1985); *In re Clark,* 738 F.2d 869 (7th Cir.1984); *Johnson v. First National Bank of Montevideo,* 719 F.2d 270 (8th Cir.1983), *cert. denied,* 465 U.S. 1012, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984); *Grubbs v. Houston First American Savings Ass'n,* 730 F.2d 236 (5th Cir.1984); *In re Taddeo,* 685 F.2d 24 (2nd Cir.1982). *But see, In re Glenn,* 760 F.2d 1428 (6th Cir. 1985) (holding that state redemption statutes control after a foreclosure sale regardless of when the mortgage is extinguished under state law).

The FmHA asserts that *Justice* and *In re DeMers* bars a Nebraska debtor from deaccelerating a mortgage note after a foreclosure judgment. I disagree. Nebraska mortgage law is significantly different that the law of South Dakota. In Ne-

braska, the mortgage relationship between mortgagor and mortgagee is not extinguished until judicial confirmation of the foreclosure sale. The Nebraska statutory redemption period is before the foreclosure sale takes place. In Nebraska, a foreclosure judgment alone does not remove or extinguish the original mortgage lien, but rather is designed to judicially recognize and confirm the pre-existing consensual mortgage lien. *See Federal Land Bank v. Blankemeyer,* 228 Neb. 249, 422 N.W.2d 81 (1988); *In re Black Ranches, Inc.,* 362 F.2d 19 (8th Cir.1966); *United States National Bank of Omaha v. Pamp,* 83 F.2d 493 (8th Cir.1936). In a state like South Dakota, it appears that the foreclosure sales take place shortly after the foreclosure judgment and the mortgagor has a right to redeem the property after the sale takes place. In states like this, if the mortgage has been extinguished under state law by the time the bankruptcy case is filed the mortgage cannot be revived, deaccelerated and cured under applicable bankruptcy law. This is the rule of decision under *Justice* and *In re DeMers* even though under state laws such as South Dakota, there exists a statutory right to redemption at the time the bankruptcy case is filed.

In a state like Nebraska, the mortgage is not extinguished by the foreclosure decree alone and the mortgagor has a right to stay the foreclosure sale for up to nine (9) months. *See* Neb.Rev.Stat. §§ 25–1505, 25–1506. In Nebraska, the mortgagor may redeem the property at any time before confirmation of the sale. *See* Neb.Rev. Stat. § 25–1530. The foreclosure sale in Nebraska does not take place until after the expiration of the stay period and the mortgage is of vitality and continues to exist during this time. The mortgage in Nebraska is not extinguished until confirmation of the foreclosure sale. Therefore, in Nebraska if the bankruptcy case is filed during the redemption period, the mortgage has not been extinguished and the Chapter 13 plan can deaccelerate the mortgage and cure defaults.

In this case, the foreclosure sale and confirmation of sale had not taken place

before the commencement of the case. The plans attempt to treat the mortgage as still existing is therefore not cause for relief from the stay, nor is it a basis for objecting to the Chapter 13 plan.

For the reasons set forth herein, the court concludes that the FmHA's motion for modification of the stay is sustained for cause pursuant to 11 U.S.C. § 362(d)(1) and (d)(2). As relief has been granted to the FmHA to foreclose on its mortgage, the issues raised in its objection to the debtor's plan do not need to be addressed herein. A separate order will be entered consistent herewith.