**In re Edwin Robert BUNKE,**
**Social Security No. 503–**
**48–9283, Debtor.**

**Bankruptcy No. 93–10166.**

United States Bankruptcy Court,
D. South Dakota,
Northern Division.

April 11, 1994.

Randall B. Turner, Aberdeen, SD, for debtor.

Thomas Lloyd, Pierre, SD, Robert M. Ronayne, Aberdeen, SD, for FCBO.

A. Thomas Pokela, Chapter 12 Trustee, Sioux Falls, SD.

## MEMORANDUM OF DECISION RE: FCBO'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

IRVIN N. HOYT, Chief Judge.

The matter before the Court is the Motion for Relief From the Automatic Stay filed by Farm Credit Bank of Omaha and Debtor's response to the Motion. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B). This Memorandum and corresponding interlocutory Order shall constitute findings and conclusions under F.R.Bankr.P. 7052.

### I.

On June 29, 1971, Farm Credit Bank of Omaha (FCBO) loaned $24,000.00 to Edwin R. Bunke and his wife, Victoria. Edwin and Victoria Bunke gave FCBO a mortgage on certain real property. Edwin and Victoria Bunke defaulted on their obligations in 1992 by failing to pay real estate taxes on the mortgaged property. On August 12, 1993, FCBO obtained a summary judgment of foreclosure in state court against Edwin Bunke and Victoria Bunke (they were no longer married then) for $19,862.56. A sheriff's sale was scheduled for October 18, 1993. A few hours before the sale, Edwin Bunke (Debtor) filed a Chapter 12 petition. In his schedules filed November 2, 1993, Debtor stated FCBO has a claim for $18,304.00 that is fully secured by a mortgage on all farm property.

On November 22, 1993, FCBO filed a *Motion for Relief From the Automatic Stay Imposed by 11 U.S.C. § 362 and § 1201*. FCBO contends the state court foreclosure judgment terminated Debtor's interest in the property, except Debtor's statutory right to redeem as provided by state law. FCBO asks for relief from the automatic stay for cause.

Debtor filed a response on December 9, 1993. He argues FCBO's interest is adequately protected and that the property is necessary for an effective reorganization.

A hearing was held December 16, 1993. Appearances included Robert M. Ronayne for FCBO and Randall B. Turner for Debtor. The parties stated that facts are not disputed and they agreed that Debtor has equity in the property in excess of FCBO's claim. The parties said the legal issue presented is whether the automatic stay that arose from Debtor's Chapter 12 petition stayed the county sheriff from conducting the foreclosure sale. The Court received arguments from counsel and set a deadline for filing briefs. Upon receipt of the briefs, the matter was taken under advisement.

In its brief, FCBO argues state law controls when a mortgage relationship ends. It states South Dakota law provides that a debtor's interest in property ends when a foreclosure judgment by action is obtained under S.D.C.L. § 21–47–17 (1987). FCBO relies on *In re Feimer,* 131 B.R. 857 (Bankr. D.S.D.1991) (Ecker, J.), and *In re Berg,* 152 B.R. 289 (Bankr.D.S.D.1993) (Ecker, J.).

In his brief, Debtor argues that the Court in *Feimer* and *Berg* misconstrued S.D.C.L. § 21–47–17. He says the intent of § 21–47–17 is not that a judgment of foreclosure extinguishes the mortgage contract but that a judgment of foreclosure extinguishes the right of the mortgagee to collect a deficiency unless the court determines the value of the property before the sale. Debtor argues that S.D.C.L. § 21–47–10 implies that the mortgage is not extinguished upon entry of the foreclosure judgment because that statute says that until the foreclosure sale is held the debtor may redeem the property by curing the default under the terms of the original contract. Finally, Debtor argues that S.D.C.L. § 21–52–11 does not support the proposition that the foreclosure judgment extinguishes the mortgagor's rights because the redemption period does not begin to run until after the foreclose sale.

1. South Dakota's laws on foreclosures by action have not changed appreciably since they were

## II.

### *State Foreclosure by Action.*

In South Dakota, a mortgagee may foreclose by action. S.D.C.L. Ch. 21–47.[1] If the mortgagor pays costs and all interest and principal installments due at the time the foreclosure action was commenced but before the judgment is entered and there are still other installment payments to be made, the foreclosure complaint will be dismissed. S.D.C.L. § 21–47–8. If the default is not cured, the court may render a judgment against the mortgagor for the debt due at the time of the judgment plus costs and order a sale of the mortgaged property to pay the amount due. S.D.C.L. § 21–47–13. A judgment for the full amount due on a note accelerated upon default is permissible. *Russell v. Wright,* 23 S.D. 338, 121 N.W. 842, 844 (1909). The court may not give possession of the property to the purchaser until the redemption period has expired. S.D.C.L. § 21–47–13.

After a judgment is entered but before the mortgaged property is sold, the mortgagor may obtain a stay of the sale by paying the principal and interest due plus costs. S.D.C.L. § 21–47–10. The stay of the sale will remain in effect unless another default occurs. *Id.* The court may enforce the collection of subsequent defaults by ordering sales of portions of the mortgaged property in sufficient quantities to pay the amount due. S.D.C.L. § 21–47–11. The judgment "shall remain as security for any subsequent default." *Id.*

A foreclosure by action completely extinguishes the debt secured by the mortgage unless the mortgagee follows a mandatory procedure proscribed by S.D.C.L. §§ 21–47–15, 21–47–16, and 21–47–17 for obtaining a deficiency judgment:

1. The mortgage holder must inform the court of his intention to claim a deficiency;

2. The court must determine the fair and reasonable value of the mortgaged premises;

first adopted in 1877 by the Dakota Territory.

3. The mortgage holder may bid not less than the fair and reasonable value of the mortgaged premises as determined by the court;

4. The allowable deficiency after a foreclosure sale cannot exceed the difference between the judgment debt and the fair and reasonable value of the mortgaged premises regardless of who bids in the property at the foreclosure sale or regardless of the actual sale price.

*Perpetual National Life Ins. Co. v. Brown,* 85 S.D. 330, 182 N.W.2d 216, 218 (1970). The legislative intent of § 21–47–17 is to prevent unjust enrichment and gain by a mortgagee through foreclosure by action.[2] *Id.; Wolken v. Bunn,* 422 N.W.2d 417, * (S.D.1988).

Once a creditor obtains a judgment, he has twenty years to enforce the judgment by seeking a writ of execution. S.D.C.L. §§ 15–18–1 and 15–18–4. Upon receipt of the writ, the sheriff must execute it according to its terms "with diligence." S.D.C.L. §§ 15–18–14 and 15–18–15.

The sheriff of the county where the court rendered the judgment conducts the foreclosure sale pursuant to the judgment and execution. S.D.C.L. §§ 15–18–13, 15–18–18, and 21–47–14. A levy is not required. S.D.C.L. §§ 15–18–18 and 21–47–14. The sheriff must give published notice in the county's designated newspaper once each week for four consecutive weeks prior to the date of sale. S.D.C.L. § 15–19–8. The sale is by public auction sale to the highest bidder for cash. S.D.C.L. § 15–19–13. Upon completion of the sale, the sheriff issues the purchaser a certificate. S.D.C.L. § 21–47–21. The certificate remains a form of lien on the land; title does not pass until the sheriff's deed is issued. *In re Nelson,* 9 F.Supp. 657, 660 (D.S.D.1935); *Farr v. Semmler,* 24 S.D. 290, 123 N.W. 835, 837–38 (1909). The purchaser of the real property acquires "all the right, title, interest, and claim of the judgment debtor thereto" subject to the debtor's redemption right. S.D.C.L. § 15–19–17; *Nelson,* 9 F.Supp. at 661.

If no exceptions to the sale have been filed and if the court is satisfied that the sale was made in compliance with applicable law, the court shall approve the sale and direct the sheriff to make a deed to the purchaser at the expiration of the redemption period. S.D.C.L. §§ 15–19–21 and 15–19–22. The court's act of confirming the sale only goes to the regularity of the proceedings and determines nothing as to the validity of the title. *Langeberg v. Perry,* 62 S.D. 286, 252 N.W. 882, 883 (1934). It is a ministerial act only. *Id.* at 884.

Absent any extensions, the debtor generally has one year from the date of the sale to redeem the property. S.D.C.L. § 21–52–11. Unless exceptional circumstances exist, a Bankruptcy Court may not equitably extend the redemption period. *Otoe County National Bank v. Easton (In re Easton),* 882 F.2d 312, 315–16 (8th Cir.1989); *Johnson v. First National Bank of Montevideo,* 719 F.2d 270, 274 (8th Cir.1983). If there is a redemption by the mortgagor, the effect of the sale is terminated and the mortgagor gets the property back subject to junior liens. S.D.C.L. § 21–52–24; *Rist v. Andersen,* 70 S.D. 579, 19 N.W.2d 833, 835 (1945); *Donovan v. United States,* 807 F.Supp. 560, 567–69 (D.S.D.1992). If the debtor does not redeem, he then holds only bare legal title, *In re Donaldson,* 43 B.R. 506, 508 (Bankr. D.S.D.1984), and the sheriff must issue a deed to the certificate holder. S.D.C.L. § 21–47–24. The sheriff's deed divests the debtor of title and vests that same title in the certificate holder. *Bechard v. Union County,* 71 S.D. 558, 27 N.W.2d 591, 595 (1947) (foreclosure by advertisement); *Rist,* 19 N.W.2d at 835.

*The Automatic Stay*

The automatic stay imposed by 11 U.S.C. § 362(a) arises when a petition is filed. It is applicable to "all entities." The stay affects:

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced

2. Similar restrictions apply to foreclosures by advertisement and foreclosures on purchase money mortgages. S.D.C.L. §§ 21–48–14 and 44–8–20.

before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title; [and]

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title....

11 U.S.C. § 362(a) (in pertinent part). "The automatic stay is fundamental to the reorganization process, and its scope is intended to be broad." *S.B.A. v. Rinehart,* 887 F.2d 165, 168 (8th Cir.1989) (cites therein). The stay protects creditors by averting a scramble for the debtor's assets. *Farley v. Henson (In re Farley),* 2 F.3d 273, 274 (8th Cir.1993). In a reorganization case, the stay allows the debtor an opportunity to continue his business with his available assets. *Rinehart,* 887 F.2d at 168.

Section 362(a) does not operate to suspend the running of a statutory time period. *Johnson,* 719 F.2d at 275–79; *Maanum v. Rieffer (In re Maanum),* 828 F.2d 459, 460 (8th Cir.1987); *Heikkila v. Carver (In re Carver),* 828 F.2d 463, 464–65 (8th Cir.1987). The stay also does not enlarge the rights of individuals under a contract. *Hazen First State Bank v. Speight,* 888 F.2d 574, 576 (8th Cir.1989).

## III.

Based upon the applicable statutes and case law, this Court concludes that a sheriff's sale of mortgaged land on which a foreclosure judgment has been entered is stayed under § 362(a) by the filing of a bankruptcy petition. The sale is stayed because it is a proceeding "against the debtor that was or could have been commenced before the commencement of the case under this title" or as an "enforcement, against the debtor or against property of the estate, of a judgment obtained before the [petition was filed]" as governed by § 362(a). Therefore, FCBO must seek relief from the automatic stay for cause [3] before the sheriff may conduct a foreclosure sale.

After the foreclosure judgment is entered but before the foreclosure sale is held, the mortgagor may still cure the default and obtain a stay of the sale. S.D.C.L. § 21–47–10. Therefore, this Court disagrees with the conclusion in *Feimer* and *Berg* that a debtor's right to cure a default on a mortgage always ends when the foreclosure judgment is entered. Under § 21–47–10, the right to cure the mortgage default does not end until the foreclosure sale has taken place and the debtor retains only possession and the right to redeem. *Rist v. Hartvigsen,* 70 S.D. 571, 19 N.W.2d 830, 832 (1945) (cite omitted). Thus, the foreclosure judgment alone does not divest the debtor of any equity in the mortgaged property so as to remove it from the estate or to justify perfunctory relief from the automatic stay under § 362(d)(1). *See United States v. Whiting Pools, Inc.,* 462 U.S. 198, 207, 103 S.Ct. 2309, 2315, 76 L.Ed.2d 515 (1983) (reorganization estate includes property seized by a creditor but not sold prior to the petition) (cited in *Knaus v. Concordia Lumber Co. (In re Knaus),* 889 F.2d 773, 775 (8th Cir.1989)). While the foreclosure judgment may subsume the mortgage as the security for the debt, title has not been transferred and the debtor retains certain interests in the mortgaged property that are protected under § 362(a). The debtor's post-judgment, pre-sale interest, whatever it is ultimately defined to be, is

---

3. The parties have stipulated that Debtor has equity in the property so FCBO may not obtain relief under 11 U.S.C. § 362(d)(2).

brought into the bankruptcy estate and protected by the automatic stay.

The right to cure a default under S.D.C.L. § 21–47–10 is distinguishable from the one-year redemption rights discussed in *Johnson*, 719 F.2d at 274, and *Justice v. Valley National Bank*, 849 F.2d 1078 (8th Cir.1988). *See also DeMers v. Federal Land Bank of Omaha (In re DeMers)*, 853 F.2d 605 (8th Cir.1988). In *Johnson*, the issues were whether a Bankruptcy Court could equitably toll a state foreclosure period under 11 U.S.C. § 105(a) after a foreclosure sale had taken place and whether the automatic stay under § 362 tolled or suspended the state redemption period. The Court of Appeals for the Eighth Circuit concluded a Bankruptcy Court could not exercise its § 105(a) powers to extend the redemption period. *Johnson*, 719 F.2d at 274. The Court also concluded that application of the automatic stay under § 362 did not suspend the redemption period. *Id.* at 275. In *Justice*, the same questions were answered in the Chapter 12 context. Here, Debtors' redemption period has not begun. Further, state law does not set a *time* within which a debtor must cure a default under S.D.C.L. § 21–47–10. Instead, that right to cure the default exists until there has been a foreclosure sale. When the automatic stay is applied, an act—the foreclosure sale—is stayed; a statutory time is not extended.

The right to cure a default under § 21–47–11 is distinguishable from statutory redemption rights in one other manner. An extension of a statutory redemption period by the automatic stay impairs the right of the certificate holder to get title at the expiration of the original redemption period. *See Johnson*, 719 F.2d at 277. Application of the automatic stay prior to the foreclosure sale, however, only freezes the rights of the judgment creditor and debtor[4] as they exist un-

der state law prior to the sale "pending an orderly examination of the debtor's and creditor's rights." *Rinehart*, 887 F.2d at 169. These parties may then litigate whether cause exists to lift the stay to allow the sheriff to proceed with a sale or what constitutes adequate protection of FCBO's interest under § 1205.

The courts in *Justice* and *Feimer* relied on *American Federal Savings & Loan Association v. Kass*, 320 N.W.2d 800 (S.D.1982), for the proposition that a real estate mortgage is extinguished after *both* the foreclosure of the mortgage and the sale of the mortgaged property. *Justice*, 849 F.2d at 1084; *Feimer*, 131 B.R. at 858. In turn, the court in *Kass* quoted from *Duke v. Utica State Bank*, 52 S.D. 33, 216 N.W. 580, 581 (1927). In *Duke*, however, the quoted phrase, "a real estate mortgage is extinguished after the foreclosure of the mortgage and the sale of the mortgaged property" was only a part of the respondent's argument and it did not contain the word "both." "[B]oth" was apparently added in *Kass*. However, the theory that a mortgage is extinguished by a foreclosure judgment and/or by a foreclosure sale does not find support in state statute or earlier case law. *See Nelson*, 9 F.Supp. at 661. Whether the foreclosure is by action or advertisement, it is the foreclosure *sale* that transforms the debtor's interest in the mortgaged property and creates the debtor's right to redeem. S.D.C.L. §§ 21–47–21, 21–47–24, 21–48–19, 21–48–21, 21–48–23, and 21–48–25; *Bechard*, 27 N.W.2d at 595; *Nelson*, 9 F.Supp. at 661.

The court in *Feimer* also concluded that the court in *Justice* intended "and" in the quoted phrase to be read in the disjunctive, that is, a mortgage can be extinguished when a foreclosure judgment is entered *or* when there has been a foreclosure sale.[5] *Feimer*,

---

**4.** Section 44–8–17 of the South Dakota Code, by giving the purchaser at a foreclosure sale certain rights regarding payment of taxes and insurance, also recognizes that a foreclosure sale alters the rights of the mortgagor.

**5.** The court in *Feimer* relied on *In re Eynetich*, 98 B.R. 966 (Bankr.D.Neb.1988), *aff'd, U.S. v. Eynetich*, 845 F.2d 1028 (8th Cir.1988), for the proposition that the Court of Appeals for the Eighth

Circuit intended "and" in the quoted phrase in *Justice* to be read in the disjunctive. The bankruptcy court in *Eynetich*, however, merely relied on the quoted phrase in *Justice* to conclude that South Dakota foreclosure law differed from Nebraska's, where the mortgage is not extinguished prior to the foreclosure sale. *Eynetich*, 98 B.R. at 869. The bankruptcy court did not present any statutory basis for distinguishing between South Dakota's and Nebraska's foreclosure laws.

131 B.R. at 858. A thorough reading of *Justice,* however, does not support that interpretation. Throughout the decision, the Court of Appeals for the Eighth Circuit refers to the foreclosure *sale* as extinguishing the mortgagor's rights in the mortgaged property. *Justice,* 849 F.2d at 1080, 1083, 1084, and 1086.

Finally, section 21–47–17 does not state that a foreclosure "judgment" extinguishes a mortgage; it says that a "foreclosure by action"—the entire process, not a particular step in the process—extinguishes the mortgage. Section 21–47–17 essentially governs the determination of a deficiency, not when the mortgage relationship ends. Section 21–47–11, which states that the judgment incorporates the mortgage and becomes the security for the creditor upon entry of the judgment, better describes the relationship between the debtor and creditor after the foreclosure judgment but before the foreclosure sale.

The parties have not argued, nor does the Court address herein, collateral questions that arise from this decision, including what constitutes cause for relief at this stage of a foreclosure, the effect, if any of 11 U.S.C. § 108(b), and whether under 11 U.S.C. § 1222(b)(2) Debtor may modify FCBO's judgment rights through a Chapter 12 plan. Those questions are left to another day.

An order will be entered setting an evidentiary hearing on FCBO's motion for relief from the automatic stay. The scheduling clerk will consult with counsel to obtain the dates they are available for a continued hearing on FCBO's Motion for Relief From the Automatic Stay.

The appellate court's decision in *Eynetich* was not published.