29 F.3d 628
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Alois G. LABER; Adelle M. Laber, Appellants.
 No. 93-3994.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 27, 1994.
Filed: July 1, 1994.
 
 Before FAGG, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Alois and Adelle Laber appeal the district court's[1] grant of summary judgment in favor of the United States. We affirm.
 
 
 2
 After bankruptcy proceedings and a foreclosure action in a South Dakota state court, the Farmers Home Administration (FmHA) purchased the Labers' property at a sheriff's sale. The Labers, however, refused to relinquish the property and the United States initiated this eviction action. The government moved for summary judgment, the Labers did not respond, and the district court granted the government's motion.
 
 
 3
 We review a grant of summary judgment de novo and must determine whether the record, when viewed in the light most favorable to the nonmoving party, establishes that there is no genuine controversy as to any material fact and that the moving party is entitled to judgment as a matter of law. United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir. 1992). We conclude that the district court correctly granted summary judgment to the government. After the state court entered its judgment of foreclosure and the foreclosure sale occurred, the Labers retained absolutely no legal interest in the property. See Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984) (state court judgment receives same preclusive effect in federal court as it would be given under rendering state's law); Bechard v. Union County, 27 N.W.2d 591, 595 (S.D. 1947) ("completed foreclosure sale passes all the right, title and interest in and to the mortgaged premises"). Thus, the record demonstrates definitively that the Labers had no right to refuse surrender of the property.
 
 
 4
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable John B. Jones, United States District Judge for the District of South Dakota